NEW YORK LIFE INSURANCE COMPANY, Appellant (Plaintiff Below),

v.

Chester O. HENRIKSEN, Sr., Lily A. Henriksen, Lily A. Myers, Gloria Cook, and Virginia Henriksen, Appellee (Defendants Below),

Lily A. Henriksen as Administratrix of the Estate of Chester O. Henriksen, Jr., Appellee (Intervenor Defendants Below),

Lily A. HENRIKSEN and Lily A. Henriksen as Administratrix of the Estate of Chester O. Henriksen, Jr., Appellee (Counterclaimants Below),

v.

NEW YORK LIFE INSURANCE COMPANY, Appellant (Counterdefendant Below).

No. 3–680A168.

Court of Appeals of Indiana, Third District.

May 27, 1981.

Joel C. Levy and Glenn R. Patterson, Singleton, Levy, Crist & Johnson, Highland, for appellant.

Robert A. Sowinski and T. Edward Ummel, Sowinski & Easterday, Plymouth, Joseph V. Simanski, Feagler & Simanski, Plymouth, for appellees.

STATON, Judge.

## ON PETITION FOR REHEARING

This Court, on January 28, 1981, reversed the judgment of the trial court and concluded that where the sole owner and beneficiary of a New York Life Insurance Company policy had murdered the insured, the insurer should be relieved of any liability on the policy proceeds. Ms. Lily Henriksen petitions for a rehearing of the appeal and urges that "if New York is not liable on the policy proceeds, it should be liable for all premiums paid in on the policy."

Initially, we note that Ms. Henriksen, *as administratrix* of the estate of the insured, Chester O. Henriksen, Jr., was the appellee in the initial appeal. In her representative capacity, she argued that the estate of the insured was entitled to receive the policy proceeds where there was no eligible beneficiary. In her petition for rehearing, Ms. Henriksen, *in her individual capacity* as owner's designee,[1] not only challenges our opinion but seeks relief on a theory heretofore not argued. Such switching of interests is impermissible. Furthermore, Ms. Henriksen may not now raise a new argument or espouse a new theory. Any question which has not been briefed or argued in the briefs on appeal cannot be raised for the first time in a petition for rehearing. *City of Indianapolis v. Wynn* (1959), 239 Ind. 567, 159 N.E.2d 572. The petition is to be confined to those issues which were properly presented in the initial appeal and which were overlooked or improperly decided. *Stucker v. College Life Ins. Co. of America* (1965), 139 Ind.App.

---

1. In her capacity as administratrix, Ms. Henriksen also attempts to re-argue issues which have been previously passed on by this Court.

422, 211 N.E.2d 320. As such, we will not consider Ms. Henriksen's contentions.

Petition for rehearing is denied.

GARRARD, J., concurs.

HOFFMAN, P. J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

I would grant rehearing and affirm the trial court.

The trial court followed a Kentucky decision, *National Life Ins. Co. v. Hood's Admr.* (1963) 264 Ky. 516, 94 S.W.2d 1022, and not the New York decision as relied upon by the majority.

The Kentucky decision reaches a more fair and equitable result and is based upon sounder reasoning.

The Insurance Company should not be entitled to a windfall since it retained the premiums and now refuses to carry out its part of the bargain.