SEARS ROEBUCK AND CO.,
Appellant–Defendant,

v.

Robert NOPPERT and Freda Noppert,
Appellees/Plaintiffs,

v.

The Anchor Packing Co.,
et al., Defendants.

No. 84A04–9802–CV–47.

Court of Appeals of Indiana.

Feb. 17, 1999.

David W. Sullivan, Scott Craig, Cox, Zwerner, Gambill & Sullivan, Terre Haute, Indiana, Attorneys for Appellant.

William W. Earls, Wright, Shagley & Lowery, Terre Haute, Indiana, Robert Patterson Cross IV, Cascino Vaughan Law Offices LTD, Chicago, Illinois, Attorneys for Appellees.

## OPINION

SULLIVAN, Judge

Appellant, Sears Roebuck and Co. (Sears), appeals the trial court's decision to vacate the October 3, 1997, summary judgment order in Sears' favor.

We reverse.

The facts relevant to this appeal are as follows:

April 25, 1995, Appellees, Robert and Freda Noppert, brought a product liability suit against several defendants, including Sears alleging that Mr. Noppert was exposed to asbestos[1] and as a result of this exposure, developed mesöthelioma. The complaint included claims of negligence, strict liability and loss of consortium.

September 11, 1997, Sears filed a Motion for Summary Judgment arguing that the Nopperts' claims were barred by the statute of limitations enumerated in I.C. 33–1–1.5–5,[2] which states that "[e]xcept as provided in section 5.5 of this chapter, a product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer."

October 3, 1997, the trial court granted Sears' summary judgment motion.

November 4, 1997, the Nopperts filed a Motion to Vacate the Order of October 3,

---

1. The Nopperts' claim against Sears is premised upon his installation of several residential boilers for Sears between 1963 and 1968.

2. I.C. 33–1–1.5–5, *repealed by* Acts 1998 P.L. 1, § 221. For present provision, *see* I.C. 34–20–3–1 (Burn's Code Ed. Repl.1998).

1997, on the basis that they were not given the 30 days allowed under Ind. Trial Rule 56 to respond to the summary judgment motion.

November 13, 1997, the court denied the Motion to Vacate.

December 16, 1997, the Nopperts filed a Motion to Correct Errors, again claiming that they were not given adequate time to respond to the summary judgment motion.

December 19, 1997, the trial court granted the Nopperts' motion to correct errors.

■ On appeal, Sears argues that the motion to correct errors was erroneously granted because the motion was untimely filed and because the Nopperts did not have a meritorious defense to the summary judgment motion. We review the trial court's decision to grant the motion to correct errors for abuse of discretion. *Gipson v. Gipson* (1994) Ind., 644 N.E.2d 876. We agree with Sears that the trial court abused its discretion in granting the motion.

■ The Nopperts argue that the trial court could properly consider the motion to correct errors as an Ind. Trial Rule 60(B) motion, and thus, the trial court's granting of the motion was not an abuse of discretion. We disagree. A T.R. 60(B) motion is not an appropriate substitute for the timely filing of an appeal, pursuant to Ind. Appellate Rule 2, based upon issues known or discoverable within the thirty days available to pursue an appeal. "Relief is only properly provided under Rule 60(B) after a failure to perfect an appeal when there is some *additional fact* present justifying extraordinary relief which allows a trial court to invoke its equitable powers to do justice." 4 WILLIAM F. HARVEY, INDIANA PRACTICE 174 (1991) (emphasis in original); *See also Town of St. John v. Home Builders Ass'n. of Northern Indiana, Inc.* (1981) Ind.App., 428 N.E.2d 1299, *trans. de-*

*nied.* The additional facts upon which a T.R. 60(B) motion is properly filed are listed in (1) through (8) of the rule.[3]

˙ The Nopperts claim that they did not have adequate notice of the trial court's ruling of summary judgment, and, thus, their motion was properly considered a T.R. 60(B) motion. However, it is clear from the record that the Nopperts were aware of the trial court's summary judgment ruling well before the thirty days for filing an appeal had elapsed. The Nopperts' counsel, by affidavit dated October 31, 1997, stated that, upon his learning of the summary judgment order, he repeatedly, over the course of three weeks, called the clerk of the court and received assurances that his calls would be returned after the clerk had checked the order. Thus, the Nopperts were aware of the trial court's decision to grant summary judgment on Sears' behalf at least three weeks prior to October 31, well within the period within which to file a timely praecipe or motion to correct error. The failure to file a timely appeal does not constitute excusable neglect under such circumstances. The failure of the court's clerk to return phone calls does not excuse a party from meeting filing deadlines. There are no extraordinary factors present in this case to justify the filing of a T.R. 60(B) motion.

Furthermore, even if the motion to correct errors could properly be considered a T.R. 60(B) motion, the Nopperts must show that they have a meritorious defense to Sears' summary judgment motion. *Burke v. DeLarosa* (1996) Ind.App., 661 N.E.2d 43, *trans. denied; Stevens v. Butler* (1994) Ind.App., 639 N.E.2d 662, *trans. denied.* We conclude that, as a matter of law, the Nopperts do not have a meritorious defense to the summary judgment motion.[4] The Nopperts allege that

---

3. T.R. 60(B) allows a party to obtain relief from judgment in certain circumstances past the time allowed for the filing of a timely appeal. The Nopperts argue that the following factors could be applied to their case, thereby making their motion to correct errors properly considered a T.R. 60(B) motion:

"(1) mistake, surprise, or excusable neglect;

\*　\*　\*　\*　\*　\*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)."

4. In so stating, however, we do not disagree with the Nopperts' contention that a trial court should give a party opposing a summary judgment motion the full thirty days authorized by T.R. 56 to respond to the summary judgment motion. Nev-

their claims are not barred by the statute of limitations for product liability cases because of our Supreme Court's decision in *Covalt v. Carey Canada, Inc.* (1989) Ind., 543 N.E.2d 382 and because of I.C. 33–1–1.5–5.5,[5] the statutory exception to I.C. 33–1–1.5–5.

 *Covalt, supra*, is an asbestos exposure case in which the plaintiff sued the company supplying the raw asbestos, with which he worked, to his employer. *Covalt* discussed the "discovery rule," holding that the ten-year statute of repose of the Indiana Product Liability Act did not apply, and a plaintiff could bring a cause of action within two years of discovery of a disease, where the case involves disease caused by long term exposure to a foreign substance, regardless of whether it had been over ten years since the last exposure to the substance. However, the holding in *Covalt* was superseded by the enactment of I.C. 33–1–1.5–5.5 which applies the discovery rule only in actions against "persons who mined and sold commercial asbestos."[6] The Nopperts' claim that Sears falls into this category of persons. We disagree. The Nopperts do not claim that Sears mined asbestos. And, while courts in Indiana have on occasion construed an "and" in a statute to be an "or,"[7] we find that there is no ambiguity in this statute requiring such an interpretation. Even if we were to find that the legislature intended to create this exception to apply to either a miner or commercial seller, a reasonable trier of fact could

not find that Sears was a commercial seller of asbestos in their sales and installation of residential boilers. Sears was not marketing and selling asbestos, i.e. as a seller of raw asbestos or as a seller of products made solely of asbestos. Rather, Sears merely sold products which contained some components composed of asbestos. Sears is not the actor at whom this exception to the statute of repose for product liability actions was aimed.

We reverse the decision of the trial court granting the motion to correct errors, and we remand this case to the trial court with instructions to reinstate the summary judgment in favor of Sears.

SHARPNACK, C.J., and HOFFMAN, Sr.J., concur.

---

ertheless, in that by law we find that the Nopperts do not have a meritorious defense to the summary judgment motion, we will not remand the case on this basis.

5. I.C. 33–1–1.5–5.5, which provides an exception to the product liability statute of limitations for asbestos-related actions, states that actions "based on ... disease, or death resulting from exposure to asbestos must be commenced within two (2) years after the cause of action accrues. The subsequent development of an additional asbestos related disease or injury is a new injury and is a separate cause of action." However, the statute limits this exception to the statute of limitations for product liability to "actions against persons who mined and sold commercial asbestos...." I.C. 33–1–1.5–5.5, *repealed by* Acts 1998 P.L.1, § 221. For present provision, *see* I.C. 34–20–3–2 (Burns Code Ed. Repl.1998).

6. The exception also applies in "product liability actions against funds which have, as a result of bankruptcy proceedings or to avoid bankruptcy

proceedings, been created for the payment of asbestos related disease claims or asbestos related property damage claims." I.C. 33–1–1.5–5.5. This exception is not an issue in this case, in that neither party suggests that it is implicated.

7. *See Taylor v. White* (1988) Ind.App., 520 N.E.2d 475, 478 (quoting *Indiana Dep't. of State Revenue v. Stark–Wetzel and Co.* (1971) 150 Ind.App. 344, 353, 276 N.E.2d 904, 910, *trans. denied* ) ("The courts have power to change ... 'and' to 'or' and vice versa, whenever such conversion is *required by the context, or is necessary to harmonize the provisions of a statute and give effect to all of its provisions, or save it from unconstitutionality or,* in general, *to effect the obvious intention of the legislature.*" (emphasis in original)); *Dague v. Piper Aircraft Corp.* (1981) Ind., 275 Ind. 520, 418 N.E.2d 207, ("or" construed as "and") *reh'g. denied.*