Pat NOVICKI, as Personal Representative of the Estate of Julius L. Novicki, deceased, and widow in her own right, and Richard T. Truitt, as Co–Personal Representative of the Estate of Julius L. Novicki, deceased, Appellants–Plaintiffs,

v.

RAPID–AMERICAN CORPORATION, Appellee–Defendant.

No. 49A02–9803–CV–241.

Court of Appeals of Indiana.

March 17, 1999.

Mark K. Dudley, Young, Riley & Dudley Indianapolis, attorney for appellants.

Douglas B. King, Joseph R. Alberts, Wooden & McLaughlin, Indianapolis, attorneys for appellee.

## OPINION

NAJAM, Judge.

### FACTS AND PROCEDURAL HISTORY

Julius L. Novicki worked as a welder from 1947 until 1954 and in several siding businesses from 1954 until 1989. During those years, he was allegedly exposed to asbestos mined, produced or sold by various companies, including the Rapid–American Corporation ("Rapid–American"). On October 19, 1993, Julius was diagnosed with mesothelioma, a malignant tumor principally caused by exposure to asbestos. He died from that disease on March 4, 1995.

On March 4, 1997, Pat Novicki and Richard T. Truitt, as Co–Personal Representatives for the Estate of Julius L. Novicki, deceased, ("Novicki") filed a wrongful death action against Rapid–American and forty-four other defendants. As it pertains to this appeal, Novicki's complaint alleged that Rapid–American was liable for Julius's death based on its sale, installation and repair of asbestos products.[1]

---

1. In the complaint, Novicki incorporated by reference the allegation contained in a "Master Complaint" filed in the case of *JoAnn Flohr, Executrix of the Estate of Walter A. Flohr, deceased, and widow individually in her own right v. A–Best Products. Company.* Like Julius, Walter allegedly died from an asbestos-related disease. The Master Complaint lists four counts: Negli-

Rapid–American subsequently filed a motion to dismiss under Indiana Trial Rule 12(B)(6) and argued that Novicki's complaint had not been commenced within the applicable statute of limitations. Specifically, Rapid–American alleged that under Indiana Code § 33–1–1.5–5.5, product liability actions based on "personal injury, disability or death resulting from exposure to asbestos" must be initiated within two years from the date that the "injured person knows that the person has an asbestos related disease or injury." As such, Rapid–American insisted that Novicki's claim was time-barred since Julius was first diagnosed with mesothelioma on October 19, 1993, and the action was not filed until March 4, 1997. The trial court agreed and dismissed Novicki's claim against Rapid–American.[2] Novicki now appeals.[3]

We reverse and remand.

## ISSUE

The dispositive issue presented for our review is whether the trial court improperly dismissed Novicki's complaint against Rapid–American under Indiana Code § 33–1–1.5–5.5 ("Section 5.5").

## DISCUSSION AND DECISION

### Standard of Review

■■■■ The trial court in this case dismissed Novicki's complaint pursuant to Indiana Trial Rule 12(B)(6). A trial rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 52 (Ind.Ct.App.1993), *trans. denied.* Therefore, we view the pleadings in the light most favorable to the non-moving party and draw every reasonable inference therefrom in favor of that party. *Hill v. Beghin*, 644 N.E.2d 893, 895 (Ind.Ct. App.1994), *trans. denied.* When reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the court erred in its application of the law. *Marsh v. Paternity of Rodgers*, 659 N.E.2d 171, 172 n. 1 (Ind.Ct.App.1995).

## Section 5.5 of the Indiana Product Liability Act

In its motion to dismiss, Rapid–American argued that Section 5.5 of the Indiana Product Liability Act[4] "governs this case" and that Novicki's action is untimely under that section. The trial court dismissed Novicki's complaint pursuant to Section 5.5. On appeal, the parties assume that section is dispositive. However, as our opinion will indicate, we disagree with that premise.

Section 5.5 provides:

(a) A product liability action that is based on property damage resulting from asbestos or personal injury, disability, disease, or death resulting from exposure to asbestos must be commenced within two (2) years after the cause of action accrues. The subsequent development of an additional asbestos related disease or injury is a new injury and is a separate cause of action.

(b) A product liability action for personal injury, disability, disease, or death resulting from exposure to asbestos accrues on the date when the injured person knows that the person has an asbestos related disease or injury.

---

gence and Outrageous Conduct, Product Liability, Conspiracy and Damages. The Master Complaint was not included in our record on appeal, but we obtained the complaint by writ of certiorari.

**2.** The trial court dismissed Novicki's claim against all of the defendants named in the complaint. However, Novicki perfected this appeal only as it pertains to Rapid–American. This court dismissed the other defendants by order on August 28, 1998.

**3.** We held oral argument on November 30, 1998, in Indianapolis.

**4.** The former version of the Product Liability Act was codified at Indiana Code §§ 33–1–1.5–1 to 33–1–1.5–10. In 1998, the Product Liability Act was repealed, amended in part and recodified at Indiana Code §§ 34–20–1–1 to 34–20–9–1. P.L. 1–1998, Sec. 15. Because Novicki's action was filed prior to the recodification, we will refer to the former code citations. We note that only minor, nonsubstantive changes were made to the sections of the Act relevant to this opinion. *See* Ind.Code §§ 34–20–3–1 (limitation of actions for negligence and strict liability claims) and 34–20–3–2 (asbestos-related claims).

(c) A product liability action for property damage accrues on the date when the injured person knows that the property damage has resulted from asbestos.

(d) *This section applies only to product liability actions against persons who mined and sold commercial asbestos* and to product liability actions against funds which have, as a result of bankruptcy proceedings or to avoid bankruptcy proceedings, been created for the payment of asbestos related disease claims or asbestos related damage claims.

\* \* \* \* \* \*

(f) *Except for the cause of action expressly recognized in this section, this section does not otherwise modify the limitation of action or repose period contained in section 5 of this chapter.*

(emphasis added). According to its express terms, emphasized above, Section 5.5 applies only to cases in which the defendant both *mined and sold* commercial asbestos; all other cases are subject to the limitation periods otherwise provided by Section 5 of the Product Liability Act, Indiana Code § 33–1–1.5–5.[5]

■ On the record before us, there is no indication that Rapid–American both mined and sold commercial asbestos. In fact, Rapid–American concedes as much in its brief on appeal:

> While it is true that several defendants in asbestos litigation have sought dismissal of asbestos related claims by affirmatively asserting defenses available under Section 5.5, doing so does not preclude defendants from arguing whether Section 5.5 necessarily applies to all defendants in all situations. Section 5.5's two-year "discovery"

rule exception to I.C. 33–1–1.5–5's otherwise applicable ten-year statute of repose may be used only against entities that "mined and sold commercial asbestos" and "against funds which have, as a result of bankruptcy proceedings or to avoid bankruptcy proceedings, been created for the payment of asbestos-related disease claims or asbestos related property damage claims." *Rapid never both mined and sold commercial asbestos, nor did any entity for which it may be responsible.* Rapid's efforts to achieve dismissal in the trial court rely upon language of Section 5.5 merely to show the court that Appellants' claims are meritless even assuming for the sake of argument that Appellants may take advantage of Section 5.5's discovery rule vis-a-vis Rapid. Rapid in no way intends to waive the argument that Appellants may utilize Section 5.5's discovery rule to sue Rapid and thereby sidestep the ten-year statute of repose.

(emphasis added). In arguing its motion to dismiss, Rapid–American has relied exclusively on Section 5.5 but has also conceded facts that render Section 5.5 inapplicable. Rapid–American cannot invoke Section 5.5 merely for the sake of argument; the section does not apply since Rapid–American never mined and sold commercial asbestos. Thus, we must conclude that to the extent the trial court relied upon Section 5.5 instead of Section 5, Novicki's complaint was improperly dismissed as untimely.[6]

Many issues, both of fact and of law, are presented by application of Section 5 to this case. Rather than attempt to analyze the case under Section 5 and the applicable case law without any relevant briefing from the parties, we remand to the trial court with

---

**5.** Section 5 states in pertinent part:

> (a) *This section applies to all persons regardless of minority or legal disability.* Notwithstanding IC 34–1–2–5, it applies in any product liability action in which the theory of liability is negligence or strict liability in tort.
>
> (b) Except as otherwise provided in section 5.5 of this chapter, a product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer. However, if the cause of action accrues at least eight (8) years but less

than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

**6.** Our decision is in accord with our recent opinion in *Sears, Roebuck and Co. v. Robert Noppert*, 705 N.E.2d 1065, 1068 (Ind.Ct.App. 1999), in which this court held that Section 5.5 did not apply to Sears since it did not both mine *and* sell commercial asbestos. We declined the Plaintiffs' invitation to change "and" as used in Section 5.5(d) to "or." *Id.*

instructions to hear additional argument and evidence regarding whether Novicki's action was timely filed. The trial court may have to determine any or all of the following questions:

1. When does Section 5's ten-year statute of repose begin to run in asbestos-related cases, on the date of initial delivery to the user or consumer or on the last date of exposure?

2. Assuming that the statute of repose begins to run on the last date of exposure, when was Julius last exposed to asbestos sold by Rapid–American?

3. Assuming that Novicki's claim is not barred by the statute of repose, is it barred by Section 5's statute of limitation? More specifically, when does a wrongful death action accrue under Section 5?

4. Whether any state or federal constitutional rights are violated by the application of Section 5 to Novicki's claim.

We express no opinion at this time regarding the answers to the foregoing questions. It remains for the parties to make their respective arguments and for the trial court to render its decision in light of those arguments.

Reversed and remanded.

FRIEDLANDER, J., and MATTINGLY, J., concur.