Danny **SPOONAMORE**, Executor of the Estate of Paul Spoonamore, Sr., Deceased, and Hazel Spoonamore, in her own right, Plaintiffs,

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.**

No. IP93–0798–C–M/S.

United States District Court, S.D. Indiana, Indianapolis Division.

May 13, 1999.

Robert E. Paul, Paul Reich Meyers PC, Philadelphia, PA, Thomas J. Young, Young Riley & Dudley, Indianapolis, IN, for plaintiff.

Robin L. Babbitt, Bingham Summers Welsh & Spilman, Indianapolis, IN, Michael Bergin, Locke Reynolds Boyd & Weisell, Indianapolis, IN, Michael P. Bishop, Bishop & Bishop, Indianapolis, IN, Robert A. Bunda, Bunda Stutz & Dewitt,

Toledo, OH, Peter E. Carlson, Kelley Drye & Warren, Chicago, IL, Richard Ewing, Stewart & Irwin, Indianapolis, IN, Steven D. Hardin, McHale, Cook & Welch PC, Indianapolis, IN, Thomas W. Hayes, Law Office of William M. Koziol, Long Grove, IL, Gary P. Price, Lewis and Kappes, Indianapolis, IN, for defendants.

### ORDER AMENDING MAY 7, 1999 ORDER ON MOTION FOR SUMMARY JUDGMENT

McKINNEY, District Judge.

On May 7, 1999, this Court issued an Order on Motion for Summary Judgment ("Order of May 7, 1999") granting Defendant Owens–Illinois Glass Container's, Inc. ("Owens–Illinois") summary judgment motion as to all claims brought by Plaintiffs, Danny Spoonamore, Executor of the Estate of Paul Spoonamore, Sr. ("Mr. Spoonamore"), deceased, and Hazel Spoonamore, in her own right ("Plaintiffs"). Order of May 7, 1999. In that order, the Court explained that the fact the Plaintiffs converted their original causes of action into a wrongful death action did not affect the Court's conclusion that the statute of repose bars the Plaintiffs' claims. *See id.* at 6. A recent Indiana appellate court decision concerning the accrual of wrongful death actions in asbestos cases has recently come to the Court's attention. Although the Court finds that this new case does not alter the Court's conclusion that the Plaintiffs' causes of action are barred by the statute of repose, the Court believes that a closer examination of the new case and related cases is appropriate. Accordingly, the Court now examines these cases and adds this order as an amendment to the Order of May 7, 1999.

In *Holmes v. ACandS, Inc.*, 709 N.E.2d 36 (Ind.Ct.App.1999), the plaintiff, Ivay Holmes ("Holmes"), both in her individual capacity and as representative of the estate of her husband, Henry Holmes ("Henry"), brought a wrongful death suit against various asbestos manufacturers ("defendants"). *Id.* at 38–39. On or about June 20, 1994, Henry was diagnosed with lung cancer caused by asbestos exposure, and he died from that cancer on July 22, 1994. *Id.* The court did not make clear when the alleged exposure to the asbestos had occurred. On July 22, 1996, Holmes filed a wrongful death claim based upon negligence, product liability, and premises liability. After the trial court granted summary judgment in favor of certain defendants and dismissed with prejudice the remaining defendants, Holmes appealed. *Id.* She argued that Henry's death was a separate injury from his cancer and that the wrongful death action was not barred by the two year statute of limitations that pertains to personal injury claims. *Id.* She maintained that the date of the diagnosis of Henry's cancer should have no bearing upon the bringing of a wrongful death action. *Id.* The defendants argued that Holmes's wrongful death action was barred because a personal injury action based on the same acts would have been barred at the time the suit was filed by Holmes. *Id.* Apparently both the court and the Defendants acknowledged that Henry could have brought a personal injury suit at the time of his death but could not have brought that same suit at the time the wrongful death action was filed by Holmes. *Id.* at 40–41.

As it analyzed the issues before it, the *Holmes* court made clear that it was not expressing an opinion regarding whether Holmes's action would be barred if more than two years had transpired between Henry's discovery of the injury and his death. *Id.* at 39–40. Furthermore, the court stated "[w]hile we do not necessarily agree with Holmes that the date of Henry's diagnosis has absolutely no bearing upon the wrongful death claim, we need not decide this question." *Id.* at 40. Although the court did not address these issues, it did cite to *N.O. Nelson Mfg. Corp. v. Dickson*, 114 Ind.App. 668, 53 N.E.2d 640 (1944). In *Dickson*, the Indiana Supreme Court declined to overrule its holding in *Wilson v. Jackson Hill Coal, Co.*, 48 Ind.App. 150, 95 N.E. 589 (1911), where it determined that a wrong-

ful death action can be maintained when the decedent's cause of action for the injury that caused the death was barred by the statute of limitations prior to the decedent's death. *Dickson*, 53 N.E.2d at 641; *see Estate of Pickens v. Pickens*, 255 Ind. 119, 263 N.E.2d 151, 155 (1970)(explaining that the Wrongful Death Statute phrase "if the former might have maintained an action, had he or she, as the case may be lived" does not literally mean what it says, as the Indiana Supreme Court has held that an administrator of the estate has two years from the time of death to file a wrongful death action even if the decedent's cause of action for the injury that caused the death was bared by the statute of limitations) *see also Louisville, E. & St. L. R. Co. v. Clarke*, 152 U.S. 230, 238, 14 S.Ct. 579, 38 L.Ed. 422 (1894) (holding that under Indiana law, a personal representative had a cause of action any time within two years of the decedent's death even if the death occurred more than a year and a day after the injury).[1]

Those cases being noted, the *Holmes* court went on to determine that the Wrongful Death Statute [2], Indiana Code § 34–23–1–1 (West Supp.1998), does not require the wrongful death action to be filed within a time when the decedent could have brought a cause of action had he or she lived; instead, the court explained that the time of the decedent's death, not the time the action is ultimately brought, is determinative of what actions the decedent " 'might have maintained.' " *Holmes*, 709 N.E.2d at 41. Upon examination of the Wrongful Death Statute and Indiana Code § 34–20–3–2, the section regarding asbestos-related actions, the court decided that a product liability cause of action for wrongful death resulting from

exposure to asbestos accrues upon the date of death. *Id.* at 41–42; *see also* Ind.Code Ann. § 34–20–3–2 (West Supp.1998) (formerly § 33–1–1.5–5.5). In coming to this conclusion, the court noted that § 34–20–3–2(b), which reads "[a] product liability action for personal injury, disability, disease or death resulting from exposure to asbestos accrues on the date when the injured person knows that the person has an asbestos related disease or injury," only provides for accrual of an action for an asbestos related disease or injury and does not specifically address the accrual of an action for death. *Holmes*, 709 N.E.2d at 41. The court explained, "[w]e presume that the legislature was aware of the Wrongful Death Statute when it enacted Ind.Code § 34–20–3–2, and chose not to provide for a different accrual date for wrongful death actions based on product liability." *Id.* The court concluded that a product liability claim for wrongful death resulting from asbestos related disease or injury accrues on the date of the death of the decedent. *Id.* at 42.

In its decision, the *Holmes* court expressed no opinion regarding whether the wrongful death action would have been barred if more than two years had passed between the discovery of the injury and Henry's death. Furthermore, the court did not need to decide what bearing the date of diagnosis had upon the wrongful death action. There was also no discussion of the time elapse between the last exposure to the asbestos and the filing of the suit. Presumably, it was not an issue in the *Holmes* case. In the case presently before this Court, however, there was more than just one month between Mr. Spoonamore's diagnosis and death, and there was a significant period of time be-

---

1. Although these cases have not been overruled, the cases were decided before the Product Liability Act was implemented in 1978. *See* Ind.Code Ann. § 34–20–3–1 (West Supp. 1998).

2. The Wrongful Death Statute reads
[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for the same act or omission.
Ind.Code Ann. § 34–23–1–1 (West Supp.1998)(formerly § 34–1–1–2).

tween Mr. Spoonamore's last exposure to an Owens–Illinois product and the filing of his lawsuit. Mr. Spoonamore and his wife, Hazel Spoonamore, filed causes of action against Owens–Illinois on June 22, 1993. In their complaint they alleged that Mr. Spoonamore discovered he was suffering from an asbestos related disease within two years of filing the complaint in this case. Compl. ¶ 10. The last possible exposure Mr. Spoonamore had to any Owens–Illinois asbestos product occurred in 1963. Def.'s Ex. C at 16; Plfs.' Resp. to Owens–Illinois' Statement of Mat. Fact ¶ 6. Mr. Spoonamore died on January 2, 1994. On November 19, 1999, Judge Weiner granted a motion that allowed the substitution of Daniel Spoonamore as a plaintiff in the capacity of the executor of Mr. Spoonamore's estate, converted the action to a wrongful death action and provided that the amendment relate back to the date of the death of the decedent. *See* Order of November 19, 1997.

The *Holmes* case is distinguishable from the case currently before this Court. First, unlike in *Holmes* where, according to the court, it was clear that Henry could have maintained a personal injury action against the defendants at the time of his death, it is clear that Mr. Spoonamore could not have maintained his causes of action against Owens–Illinois at the time of his death. Under the statute of repose found in Indiana Code § 34–20–3–1, Mr. Spoonamore who filed product liability claims against Owens–Illinois while he was still alive, could not have properly maintained those claims at the time he filed the action, much less at the time of his death. *See* Order of May 7, 1999. This brings the Court to the second point upon which *Holmes* is distinguishable from the Plaintiffs' case—the affect of the § 34–20–3–1 statute of repose on a wrongful death action. The *Holmes* court only took into

account § 34–20–3–2 when it discussed the accrual of the wrongful death action under circumstances where it was clear that the statute of limitations would have allowed the deceased to bring the products liability claims against the defendants at the time of his death. Section 34–20–3–2 does not contain a statute of repose and therefore its focus is on the accrual of the statute of limitations in an asbestos related claim. Ind.Code Ann. § 34–20–3–2. However, as an appellate court in *Novicki v. Rapid–American Corp.*, 707 N.E.2d 322 (Ind.Ct. App.1999), determined, § 34–20–3–2 is not applicable in all asbestos related actions.

In *Novicki*, the plaintiffs, as representatives of Julius Novicki's ("Novicki") estate brought a wrongful death action against a number of defendants. Novicki was diagnosed with mesothelioma on October 19, 1993. *Id.* at 322. He died on March 4, 1995, and the plaintiffs filed suit on March 4, 1997. *Id.* The defendants argued that § 34–20–3–2 [3] should apply and that consequently the plaintiffs' claims should be dismissed. 707 N.E.2d at 322. Highlighting the language in § 34–20–3–2 that reads "personal injury, disability or death resulting from exposure to asbestos must be commenced within two (2) years after the cause of action accrues," the defendants argued that the plaintiffs' claim should be dismissed because the claims were filed more than two years after Novicki was first diagnosed with mesothelioma. *Id.* at 323. After the trial court granted the motion to dismiss, the appellate court reversed and remanded. It determined that § 34–20–3–2 did not govern the case because there was no evidence that the defendants mined and sold commercial asbestos, as is required by the statute in order for § 34–20–3–2 to apply. *Id.* at 323–24. Instead, the court instructed that on remand the case should be analyzed

---

**3.** In the *Novicki* case the court refers to § 34–20–3–2 as "Section 5.5," as it was formerly codified at § 33–1–1.5–5.5. Section 34–20–3–1 was formerly codified at § 33–1–1.5–5 and is referred to as "Section 5" in *Novicki* and the other cases the Court cites in this order. As

previously noted, when the statutes were amended and recodified in 1998, there were only nonsubstantive alterations to the statutes. *Novicki*, 707 N.E.2d at 323 n. 4. The Court will refer to the statutes in terms of their current versions.

under § 34–20–3–1. *Id.* at 324. Section 34–20–3–1 contains both the statute of limitations and the statute of repose for product liability actions.

Here, Owens–Illinois is arguing that the statute of repose, not the statute of limitations is a bar to the product liability causes of action that served as a basis for Mr. Spoonamore's complaint and now serve as a basis for the wrongful death claims brought by the Plaintiffs. According to the example set by the *Novicki* court, it is proper for this Court, when determining whether a wrongful death cause of action may be maintained, to first determine whether § 34–20–3–2 applies in this case. As the Court made clear in its Order of May 7, 1999, § 34–20–3–2 does not apply to causes of action brought against Owens–Illinois because the Plaintiffs have offered no evidence that Owens–Illinois mined and sold commercial asbestos. Order of May 7, 1999. Thus, § 34–20–3–1, and more specifically, the statute of repose provision of § 34–20–3–1 is to be applied in this case. The Court acknowledges that the courts have determined that a wrongful death action may be timely even when the deceased could not have brought a products liability claim against the defendants at the time of death because the statute of limitations had expired. However, a review of cases addressing whether wrongful death actions can be maintained when the statute of repose expired prior to the decedent's death indicate that if the statute of repose has expired for the product liability claims that underlie the wrongful death action, then the wrongful death action itself is barred.

In a decision made after the enactment of the Products Liability Act, now found at § 34–20–3–1, the Indiana Supreme Court held that § 34–20–3–1, formerly § 33–1–1.5–5, barred a plaintiff's action because "the damages incurred by the plaintiff occurred more than ten years after the product was first placed in commerce." *Dague v. Piper Aircraft Corp.*, 275 Ind. 520, 418 N.E.2d 207, 211 (1981). The plaintiff in

*Dague*, the special administratrix of the estate of Robert Dague ("Dague"), deceased, brought a four count complaint seeking damages for the wrongful death of Dague. *Id.* at 209. Dague was piloting a Piper Pawnee aircraft when it crashed on July 7, 1978, and Dague died as a result of crash injuries on September 5, 1978. *Id.* The plaintiff filed the suit against Piper on October 1, 1979. *Id.* The plane Dague was flying at the time of crash had been manufactured and placed in the stream of commerce in 1965. *Id.* Holding that § 34–20–3–1 expressed the clear intention of the legislature to limit the time within which a products liability action could be brought, the court gave an ordinary meaning to the "or" term connecting the provisions allowing a plaintiff to bring a product liability action within two years after the cause of action accrues or within ten years after the delivery of the product to the initial user or consumer. *Id.* at 210–11. The court explained that

> [t]he obvious intent of the statute, however, is that the action must be brought within two years after it accrues, but in any event within ten years after the product is first delivered to the initial user or consumer, unless the action accrues more than eight but less than ten years after the product's introduction into the stream of commerce.

*Id.* at 210. Determining that the plaintiff's damages occurred more than ten years after the plane was placed in the stream of commerce, the Court ruled that the plaintiff's wrongful death actions were barred. *Id.* at 211.

The Seventh Circuit in its *Schamel v. Textron–Lycoming* decision upheld a lower court's ruling that the plaintiff's wrongful death action was bared by Indiana's statute of repose. 1 F.3d 655, 656 (7th Cir.1993). In that case, Jerry Schamel ("Schamel") died in a plane crash on January 5, 1988. *Id.* His wife in her capacity as administratrix of Schamel's estate filed a wrongful death action on December 11, 1989. *Id.* According to the plaintiff, the

defective parts responsible for her husband's death were manufactured by the defendant. *Id.* The evidence submitted to the trial court indicated that the latest the part in question could have been sold by the defendant was in 1973, fifteen years before the crash and sixteen years before the wrongful death action was commenced. *Id.* Defendant moved for summary judgment on the argument that the plaintiff's cause of action was bared by the statute of repose now found at § 34-20-3-1. *Id.* The trial court granted that motion and the Seventh Circuit upheld the lower court's decision. *Id.* In her appeal, the plaintiff argued that one claim was not a products liability claim, and therefore not subject to the statute of repose, and that the alleged defective part could have stayed on the distributor's shelves until 1979, bringing the action within the statute of repose. *Id.* The court rejected both of these arguments. *Id.* at 657.

As the Court has already discussed, an Indiana appellate court has also addressed a situation where an asbestos related wrongful death claim was based upon products liability causes of action. *Novicki,* 707 N.E.2d at 322–23. In *Novicki,* the court first determined whether § 34-20-3-2 or § 34-20-3-1 was applicable. After determining that § 34-20-3-1 was applicable, the court remanded the case to the trial court and presented the court with a number of questions to consider as it reexamines the case. *Id.* at 325. One of those questions reads "[a]ssuming that Novicki's claim is not barred by the statute of repose, is it barred by Section 5's [§ 34-20-3-1] statute of limitation? More specifically, when does a wrongful death action accrue under Section 5 [§ 34-20-3-1]." *Id.* at 325. When reading that question the Court takes note that it is phrased in terms of needing to be answered only if the statute of repose does not bar the plaintiff's claim, that being the wrongful death claim brought on behalf of the estate. Such language indicates to this Court that the statute of repose could bar the plaintiff's wrongful death action if the underlying product liability claims were filed after the statute of repose expired.

Again, the Court notes that the *Holmes* case presented different facts than those at issue here. In its findings, the *Holmes* court did not have to address the questions this Court faces. In *Holmes,* according to the court, it was clear that the deceased could have maintained an action against the defendants at the time of his death. Such is not the case for Mr. Spoonamore. *See* Order of May 7, 1999. The *Holmes* court analyzed its accrual issue under § 34-20-3-2. As the *Novicki* court demonstrated, before that provision is applied, a court must determine whether the involved defendants mined and sold commercial asbestos, thereby making that provision applicable to the claims. 707 N.E.2d at 324. This Court has already determined that § 34-20-3-2 is not applicable to the causes of action originally brought by Mr. Spoonamore because Owens–Illinois did not mine or sell commercial asbestos. Order of May 7, 1999 at 5. Thus, the statute of repose found in § 34-20-3-1 comes into consideration.

■ Although the wrongful death action is an independent and not derivative action, the wrongful death action is proven by the plaintiff maintaining causes of action that the deceased could have maintained against the defendant. *See* Ind. Code Ann. § 34-23-1-1; *Holmes,* 709 N.E.2d at 39. Here, the Plaintiffs have alleged their wrongful death action on negligence, strict liability, and loss of consortium claims.[4] When plaintiffs have based their wrongful death actions on negligence and strict liability claims, the courts have determined that the statute of repose can bar the claims. *See Schamel,* 1 F.3d at 656; *Dague,* 418 N.E.2d at 210. Without

---

4. Mr. Spoonamore could not have maintained the loss of consortium claim as the right to recover on such a claim belongs to Mrs. Spoonamore. However, if Mr. Spoonamore could not maintain his negligence and strict liability claims, Mrs. Spoonamore could not maintain her loss of consortium claim.

determining from what point in time the statute of repose should be measured, the Court notes in this case Mr. Spoonamore actually filed the original suit in June of 1993 and was diagnosed sometime in the two years prior to the filing. The wrongful death cause of action has been related back to January 2, 1994, the date of Mr. Spoonamore's death. Order of November 19, 1997. All these points in time—the time of the diagnosis, the time of filing and the time of death were well after the ten year statute of repose expired, as Mr. Spoonamore's last exposure to Owens–Illinois asbestos products, much less the delivery date of those products to the initial user or consumer, was in 1963 at the latest. If he was still alive, under the statute of repose, Mr. Spoonamore could not maintain the causes of action he filed against Owens–Illinois. The Plaintiffs' wrongful death actions based on those same causes of action that Mr. Spoonamore brought before he died are also barred by the § 34–20–3–1 statute of repose. This order is added as an amendment to the Court's Order of May 7, 1999.