Ivay O. **HOLMES, Individually and as Personal Representative of the Estate of Henry Holmes, Appellant–Plaintiff,**

v.

**ACANDS, INC.; Atlas Turner, Inc.; A.W. Chesterton Co.; Flintkote Co.; Foster Wheeler Corp.; Metropolitan Life Ins. Co.; Owens Corning Fiberglas; Owens–Illinois, Inc.; PPG Ind., Inc.; Pittsburgh Corning Corp.; Rapid–American Corp.; Vimasco Corp., Appellee–Defendants.**

No. 49A02–9712–CV–846.

Court of Appeals of Indiana.

July 8, 1999.

Linda George, W. Russell Sipes, Laudig, George, Rutherford & Sipes, Indianapolis, Indiana, Attorney for Appellant.

Douglas B. King, Joseph R. Alberts, Wooden & McLaughlin, Knight S. Anderson, Hill Fulwider McDowell Funk & Matthews, George T. Patton, Jr., Bose McKinney & Evans, Karl L. Mulvaney, Bingham Summers Welsh & Spilman, Susan E. Mehringer, Andrea L. Cohen, Lewis & Wagner, Cynthia M. Locke, White & Raub, Jon L. Williams, Indianapolis, Indiana, Robert A. Kezelis, French Kezelis & Kominiarek, Chicago, Illinois, Attorney for Appellee.

## OPINION ON REHEARING

ROBB, Judge

Appellees–Defendants, Owens Corning Fiberglas Corp., Rapid–American Corp., A.W. Chesterton Co., Vimasco Corp., Owens–Illinois, Inc., Pittsburgh Corning Corp., ACandS, Inc., PPG Industries, Inc., and Atlas Turner, Inc. (collectively "the Asbestos Defendants"), petition for rehearing of our decision dated April 26, 1999.[1] In that opinion, we held that "a product liability claim for wrongful death resulting from an asbestos related disease or injury accrues upon the date of death of the decedent." *Holmes v. ACandS, Inc.*, 709 N.E.2d 36, 41 (Ind.Ct.App. 1999). We grant the petition for rehearing solely to address the contentions raised therein, yet we expressly reaffirm *in toto* our original opinion reversing the trial court's dismissal and grant of summary judgment in favor of the various Asbestos Defendants.

■ Indiana Code Section 34–20–3–1 provides for a two year statute of limitations and a ten year statute of repose for product liability actions. An exception for asbestos-related actions is found in Ind.Code § 34–20–3–2, but only applies to product liability actions against persons who "mined and sold commercial asbestos." Ind.Code § 34–20–3–2(d)(1). Our original opinion addressed only the latter statute. In the appeal, the Asbestos Defendants "restrict[ed] their arguments herein to whether [Holmes's] claims are barred by the two-year statute of limitations period in [Ind.Code § 34–20–3–2]." Brief of Appellees at 2–3. They now contend that an argument based upon Ind.Code § 34–20–3–1 was expressly preserved.

■ Any question which has not been briefed or argued in the briefs on appeal cannot be raised for the first time in a petition for rehearing. *New York Life Ins. Co. v. Henriksen*, 421 N.E.2d 1117, 1118 (Ind.Ct.

1. After our original opinion in this case was handed down, Appellee, the Flintkote Company, filed a motion to correct error requesting that we clarify our opinion to reflect that it has settled with the plaintiff and was dismissed from the appeal. However, we note that "all parties of record in the trial court *shall be* parties on appeal." *State v. Nixon*, 270 Ind. 192, 384 N.E.2d 152, 153 (Ind.1979) (emphasis in original); Ind. Appellate Rule 2(B). Accordingly, we deny Flintkote's motion.

App.1981). The petition is to be confined to those issues which were properly presented in the initial appeal and which were overlooked or improperly decided. *Id.* The Asbestos Defendants did not present any argument before this court to the effect that Ind.Code §.34–20–3–2 did not apply.[2] Indeed, because of the Asbestos Defendants' assertion that Holmes's claim was barred by Ind.Code § 34–20–3–2, we limited ourselves to addressing the effect of that statute.

The Asbestos Defendants contend that our opinion is in conflict with this court's recent opinions in *Sears Roebuck and Co. v. Noppert,* 705 N.E.2d 1065 (Ind.Ct.App.1999), *trans. pending,* and *Novicki v. Rapid–American Corp.,* 707 N.E.2d 322 (Ind.Ct.App. 1999). In *Sears,* this court reversed an order of the trial court which granted the Nopperts's motion to correct errors following the trial court's grant of summary judgment in favor of the defendant, Sears. We accordingly instructed the trial court to reinstate the summary judgment in favor of Sears. Having decided that the Nopperts's motion to correct errors was untimely filed, we commented that even if the motion could be considered an Ind. Trial Rule 60(B) motion, a meritorious defense must be shown. This court then concluded that the Nopperts did not have a meritorious defense. We reasoned that the Nopperts's claim was barred by the ten year statute of repose, Ind.Code § 34–20–3–1, and that the statutory exception for asbestos-related actions, Ind.Code § 34–20–3–2, only applies to "persons who mined and sold commercial asbestos." Ind. Code § 34–20–3–2(d)(1). Because Sears did not both mine and sell commercial asbestos, the exception did not apply and the claim was barred by the statute of repose.

In so holding, we stated that our supreme court's decision in *Covalt v. Carey Canada, Inc.,* 543 N.E.2d 382 (Ind.1989), was superseded by Ind.Code § 34–20–3–2. The *Covalt* court held that

a plaintiff may bring suit within two years after discovering the disease and its cause, notwithstanding that the discovery was made more than ten years after the last exposure to the product that caused the disease ... where an injury to a plaintiff is caused by a disease which may have been contracted as a result of prolonged exposure to a foreign substance.

*Id.* at 384. In her response to the Asbestos Defendant's petition for rehearing, Holmes asserts that *Sears* controverts *Covalt.* While we need not decide whether this is so, we note that Ind.Code § 34–20–3–2, formerly Ind.Code § 33–1–1.5–5.5, was enacted prior to our supreme court's decision in *Covalt,* and was noted in that opinion as "expressly provid[ing] an exception to its limitations and repose periods for asbestos-related actions." *Id.* at 383 n. 1. In any event, Ind.Code § 34–20–3–2 was not determinative in *Covalt* (although the statute clearly applied) yet the court held that the statute of repose did not bar the claim. As stated above, the applicability of Ind.Code § 34–20–3–2 was not questioned in this case. As such, our opinion here does not conflict with the holding in *Sears.*

*Novicki* is factually similar to the present case in that the plaintiff's decedent died within two years of being diagnosed as having an asbestos-related disease, and in that the wrongful death claim was filed exactly two years from the date of death. We reversed the trial court's dismissal of Novicki's wrongful death claim. We held that because Rapid American never both mined and sold commercial asbestos, the exception to the statute of limitations and statute of repose found at Ind.Code § 34–20–3–2 was inapplicable, pursuant to *Sears.* The case was remanded to the trial court to determine whether the action was timely filed under Ind.Code § 34–20–3–1. This court's decision in *Novicki* expressed no opinion regarding when a wrongful death claim accrues under Ind.Code § 34–20–3–2.

---

**2.** The Asbestos Defendants stated that they did not concede that Ind.Code § 34–20–3–2 "necessarily applies to *all* defendants herein." Brief of *Appellees* at 3 (emphasis added). In further proceedings, it will be necessary to demonstrate to the trial court that *each* of the Asbestos Defendants either did or did not both mine and sell commercial asbestos.

We detect no conflict between our original opinion here and the decisions in *Sears* and *Novicki.* The Asbestos Defendants have not stated precisely the nature of the conflict they allege exists. Moreover, the Asbestos Defendants present no error of law contained in our original opinion.

The Petition for Rehearing is granted for the reason stated above. Our opinion in *Holmes,* 709 N.E.2d 36, is reaffirmed.

STATON, J., and KIRSCH, J., concur.