Gerrit F. **LUIDER, Personal Representative of the Estate of Clarann Kammerer, Appellant–Plaintiff,**

v.

Charlie **SKAGGS, Central Trucking Company, Meshberger Stone, Inc., and Milestone Contractors, Appellees–Defendants.**

No. 73A01–9709–CV–286.

Court of Appeals of Indiana.

March 31, 1998.

John R. Helm, Schreckengast Lovern & Helm, Indianapolis, for Appellant–Plaintiff.

Christopher C. Levandoski, Berlon & Timmel, Indianapolis, Frederick A. Roetter, Eric Brodt & Associates, Indianapolis, for Appellees–Defendants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Gerrit Luider, Personal Representative of the Estate of Clarann Kammerer, (hereinafter "Luider") appeals from the trial court's grant of summary judgment in favor of Defendants–Appellees Charlie Skaggs, Central Trucking Company, Meshberger Stone, Inc., and Milestone Contractors.

We reverse and remand.

### ISSUES

Luider presents the following issues for review:

1. Whether the trial court erred in granting summary judgment in favor of the Defendants because a genuine issue of material fact exists concerning whether Luider was a dependent next of kin within the meaning of Indiana's wrongful death statute.

2. Whether the trial court erred in granting summary judgment in favor of the Defendants because a genuine issue of material fact exists concerning whether the Estate is entitled to statutory damages.

### FACTS AND PROCEDURAL HISTORY

This wrongful death action arises from a September 25, 1995, accident whereby Clarann Kammerer, was killed while traveling on State Road 9 in Shelby County. The decedent was struck in a head-on collision by a dump truck driven by the Defendant Skaggs, and owned by the Defendant Central Trucking Company. At the time of the accident, Skaggs was employed by Central Trucking. Defendant Meshberger Stone had loaded Skaggs's truck with stone, and Defendant Milestone Contractors was the general contractor for the project on which Skaggs was working.

Luider, as Personal Representative of Kammerer's estate, filed his action for wrongful death on July 16, 1996, arguing that Kammerer's death was caused by the negli-

gence of the defendants. The defendants filed their answer denying that the decedent's death was caused by their negligence and challenging Luider's status as a dependent next of kin. On March 17, 1997, Defendants Skaggs and Central Trucking filed their motion for summary judgment arguing that Luider was not a dependent next of kin within the meaning of Indiana's wrongful death statute. Thereafter, Meshberger Stone and Milestone Contractors joined in the motion. On May 12, 1997, Luider filed his response asserting that genuine issues of material fact existed as to (1) whether he was the decedent's dependent next of kin; and (2) whether the Estate had sustained damages other than those inuring to the benefit of the dependent next of kin.

A hearing was held on June 5, 1997, and shortly thereafter the trial court entered its order granting summary judgment in favor of the Defendants. Essentially, the trial court found that Luider was not the decedent's next of kin because the decedent was survived by a relative closer in consanguinity. The court did not reach the issue of dependency · due to evidence of Luider's gainful employment. Luider appeals.

### DISCUSSION AND DECISION
#### Standard of Review

The purpose of summary judgment is to end litigation about which no factual dispute exists and which may be determined as a matter of law. *Hayden v. Linton–Stockton Classroom Teachers Ass'n,* 686 N.E.2d 143, 145 (Ind.Ct.App.1997). When we review a grant of summary judgment, we stand in the shoes of the trial court. *DeBaets v. National Educ. Ass'n–South Bend,* 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.* Therefore, we employ the same standard of review used by the trial court. *Id.*

Summary judgment is appropriate only if the designated evidentiary material shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Wolf v. Boren,* 685 N.E.2d 86, 87 (Ind.Ct.App.1997), *trans. denied.* The party moving for summary judgment bears the initial burden of making a

prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Hermann v. Yater,* 631 N.E.2d 511, 513 (Ind.Ct.App.1994), *reh'g denied.* Once the movant meets these two requirements, the burden shifts to the non-moving party to set forth specifically designated facts showing the existence of a genuine issue. *Id.* We liberally construe all inferences and resolve all doubts in the nonmovant's favor. *Hayden,* 686 N.E.2d at 145. Despite a conflict in facts and inferences on some elements of a claim, summary judgment may be proper when no dispute exists with regard to the facts which are dispositive of the litigation. *Id.*

■ We note that the trial court entered specific findings of fact and conclusions of law. However, our standard of review is unchanged by the entry of findings and conclusions. *Chicago Southshore & South Bend R.R. v. Itel Rail Corp.,* 658 N.E.2d 624, 629 (Ind.Ct.App.1995). Specific findings and conclusions are not required in the summary judgment context, and although they offer valuable insight into the trial court's rationale for its judgment and facilitate our review, they are not binding on this court. *Trout v. Buie,* 653 N.E.2d 1002, 1005 (Ind.Ct. App.1995), *trans. denied.*

#### I. Dependency under Ind.Code 34–1–1–2

Luider contends that the trial court erred in granting summary judgment in favor of the Defendants. Particularly, Luider argues that the fact that he was not the decedent's nearest blood relative at the time of her death should not foreclose him from dependent next of kin status within the meaning of Indiana's wrongful death statute. The dispositive issue is whether the statute permits a decedent's remote dependent relative to maintain a cause of action as a dependent next of kin even where there are closer nondependent relatives in existence.

Ind.Code 34–1–1–2 provides for damages to the estate of the decedent including "reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or

omission." The statute further provides as follows:

> ... That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall ... inure to the exclusive benefit of the widow or widower ... and to the dependent children, if any, or *dependent next of kin* ...

Ind.Code 34–1–1–2 (emphasis provided).

■ Luider maintains that although he is not the decedent's closest living relative, he is the closest relative of the decedent who was also dependent upon the decedent and, therefore, he is the decedent's dependent next of kin within the meaning of Ind.Code 34–1–1–2. Although this issue appears to be one of first impression in Indiana, the issue has presented itself in other courts. For example, in *Poff v. Pennsylvania R. Co.*, 327 U.S. 399, 66 S.Ct. 603, 90 L.Ed. 749 (1946), the decedent's next of kin made a claim under the Federal Employers' Liability Act. The statute was structured similarly to Indiana's wrongful death statute in that it contained a hierarchy of preferred classes for recovery, with the dependent next of kin being the least preferred class.[1] The *Poff* case is particularly interesting because it is factually similar to the case before us. In *Poff,* the decedent's closest surviving relatives included two sisters and a nephew. Neither the sisters nor the nephew were dependent upon the decedent. However, the decedent was also survived by a first cousin who was a member of decedent's household and financially dependent upon the deceased. On certiorari, the Supreme Court held that the dependent cousin could recover under the statute despite the existence of nearer relatives. In so holding, the Court stated that

> under [the] Act, unlike the state statutes of descent and distribution, a member of the third class must be not only next of kin but also dependent on the deceased in order to

recover. The emphasis on dependency suggests that Congress granted the right of recovery to such next of kin as were dependent on the deceased.... We are not warranted in treating as an antecedent class the nearer next of kin who are not dependent. That would be to rewrite the statute. Congress has created three classes, not four or more. Yet to hold that the existence of nearer next of kin who are not dependent bars recovery by more remote next of kin who are dependent is to assume that the former constitute a preferred class. Congress, however, placed all next of kin in one class.

*Id.* at 401, 66 S.Ct. at 605. We agree with this reasoning. In our view, the degree of kinship alone should not be the sole factor in determining the right of recovery in a wrongful death action. Rather, the issue of dependency should also define the right. The fact that the decedent is survived by a brother who was not dependent upon her should not foreclose Luider's right to recovery. Defendants argue that the decedent's brother is the "next of kin" because, had decedent died intestate, he would have taken under the laws of descent and distribution.

Admittedly, under Indiana's intestate succession statute, Ind.Code 29–1–2–1, the decedent's brother would be next in the line of succession since decedent had no surviving spouse or issue. However, we are not deciding this case based on the intestate succession statute; rather, we are deciding this wrongful death case involving alleged dependency. Hence, we do not find the intestate succession statute to be dispositive of the issue before us.

■ The purpose of the wrongful death statute is to benefit the survivors by providing compensation for the loss of the decedent's life. Pecuniary loss is the foundation of the wrongful death action. *Southlake Limousine & Coach, Inc. v. Brock,* 578 N.E.2d 677, 679 (Ind.Ct.App.1991), *trans. denied.* This loss can be determined in part

---

1. The statute provided that the carrier's liability in case of the death of an employee runs

   to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then

of such employee's parents; and, if none, then of the next of kin dependent upon such employee ...

*Id.* at 399–400, 66 S.Ct. at 604.

from the assistance that the decedent would have provided through money, services or other material benefits. *Id.* Furthermore, we recently expanded the recovery under Ind.Code 34–1–1–2 to include emotional damages for loss of love, care and affection to a dependent next of kin. *Ed Wiersma Trucking Co. v. Pfaff,* 643 N.E.2d 909 (Ind.Ct.App. 1994), *opinion adopted at* 678 N.E.2d 110 (Ind.1997).

■ The designated material facts reveal that Luider is decedent's second cousin. Specifically, the decedent's mother was the sister of Luider's grandfather. Despite this familial lineage, and although the parties were not legally married, Luider and the decedent had been living together as husband and wife since November of 1992. At the time of decedent's death, the couple lived in a home they called "Heartland Ranch" in Wilkinson, Indiana, which they held jointly with rights of survivorship. They pooled their resources, combined their incomes and paid their joint debts. Luider and the decedent also had a "Living Together Agreement" which formalized their relationship in the event of separation. Furthermore, the decedent held two life insurance policies on which Luider was the beneficiary. Also, the decedent and Luider executed wills leaving their possessions to each other.

At the time of the decedent's death, Luider was gainfully employed as a dock worker/dispatcher with American Freightways in Indianapolis. He earned approximately $14 per hour and worked a 40 hour work week. However, Luider maintains that he was both emotionally and financially dependent upon the decedent. The undisputed evidence reveals that since the decedent's death, Luider has experienced personal hardship, both financial and emotional. For example, he was forced to sell "Heartland Ranch" because he could not afford it without decedent's income; he was demoted at work; and he is currently in therapy for depression and other psychological ailments. In short, Luider presents an abundance of designated evidence from which a jury could find dependency.

We hold that under Indiana's wrongful death statute, remote dependent relatives may recover damages for their pecuniary loss occasioned by the loss of their decedent even though a nearer non-dependent relative exists. We therefore remand this case for a trier of fact to determine whether Luider qualifies as a dependent next of kin within the meaning of Ind.Code 34–1–1–2.

II. Expenses to the Estate

■ Next, Luider contends that the trial court erred in finding that no genuine issue of material fact exists regarding whether the Estate incurred funeral and burial expenses, medical expenses, costs and expenses of administering the estate, and expenses involved with bringing the wrongful death action. In his designated material, Luider presented evidence that the decedent's estate incurred expenses related to the funeral, attorney's fees and the costs of administering the estate. We find that there is a genuine issue of material fact with regard to whether the Estate incurred expenses for which it is entitled recovery.[2]

### CONCLUSION

Based on the foregoing, genuine issues of material fact exist as to whether Luider is a dependent next of kin under Indiana's wrongful death statute and whether the Estate of the decedent incurred expenses for which it is entitled recovery under the statute.

We reverse and remand.

BAKER and NAJAM, JJ., concur.

2. Luider's status as dependent next of kin does not impact this issue as recovery of these damages are wholly independent under the statute.