Willie L. HARRIS, Jr., et al., Appellants–Plaintiffs,

v.

A.C. & S., INC., North American Refractories Co., Mallinckrodt Group, Inc., Combustion Engineering Co., Kaiser Aluminum & Chemical Corp., WTI Rust Holdings, Inc., Rapid–American Corp., Weil–McLain Co., W.R. Grace & Co–Conn, Appellees–Defendants.

No. 45A03–0004–CV–144.

Court of Appeals of Indiana.

Jan. 10, 2002.

Donald J. Berger, Berger James & Gammage, South Bend, IN, Robert G. McCoy, Mark R. Penney, Pablo A. Eves, Cascino Vaughan Law Offices, Ltd., Chicago, IL, Attorneys for Appellant.

W. Russell Sipes, Laudig George Rutherford & Sipes, Indianapolis, IN, Attorney for Amicus Curiae.

Susan E. Mehringer, Lisa M. Dillman, Lewis & Wagner, Indianapolis, IN, David W. Pera, Buoscio, Pera & Kramer, Merrillville, IN, Robert L. Shuftan, Kenneth M. Gorenberg, Carol L. Tate, Wildman, Harrold, Allen & Dixon, Chicago, IL, James M. Boyers, Indianapolis, IN, Amber Ac-

hilles, Chicago, IN, Attorneys for A.C. & S. and North American Refractories.

Christopher D. Lee, Todd C. Barsumian, Kahn, Dees, Donovan & Kahn, LLP, Evansville, IN, Atorneys for Mallinckrodt Group, Inc. and Combustion Engineering Company.

Robert E. Haley, Wildman Harrold, Allen & Dixon, Chicago, IL, Attorney for Kaiser Aluminum & Chemical Corp.

Garrett V. Conover, Kopka, Landau & Pinkus, Crown Point, IN, Attorney for WTI Rust Holdings.

Douglas B. King, Wooden McLaughlin & Sterner, Indianapolis, IN, Attorney for Rapid–American Corp.

Jonathan M. Lively, Jason L. Kennedy, Segal McCambridge Singer, & Mahoney, Ltd., Chicago, IL, Attorneys for Weil–McClain.

Mark J. Dinsmore, Indianapolis, IN, Attorney for W.R. Grace & Co–Conn.

Raymond H. Modesitt, Ryan D. Johanningsmeier, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, IN, Attorneys for Prox Company, Inc.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

In this consolidated appeal, Willie J. Harris Jr. ("Harris"), Esther Serna, individually and as Special Administrator of the Estate of Louis Serna ("the Sernas"), Freda Noppert, individually and as Special Administrator of the Estate of Robert Noppert ("the Nopperts"), and Caroline Gottschalk, individually and as Special Administrator to the Estate of John Gottschalk ("the Gottschalks)" appeal four trial court judgments granting summary judgment concerning the statute of repose in

favor of the following corporations: A.C. & S., Inc. ("A.C. & S."), North American Refractories Company ("NARCO"), Mallinckrodt Group, Inc. ("Mallinckrodt"), Combustion Engineering Co. ("Combustion"), Kaiser Aluminum & Chemical Corp. ("Kaiser"), WTI Rust Holdings, Inc. ("WTI"), Rapid–American Corp. ("Rapid–American"), Weil–McLain Co. ("Weil–McLain"), and W.R. Grace & Co Conn. ("W.R. Grace").[1]

We reverse and remand.

*ISSUES*

1. Whether the Nopperts are collaterally estopped from relitigating the statute of repose issue against the remaining defendants after this court upheld the trial court's entry of summary judgment in favor of Sears Roebuck & Co. ("Sears") against the Nopperts.

2. Whether the statute of repose bars the plaintiffs' claims.

*FACTS*

A.C. & S. is a Delaware corporation "primarily engaged in the installation of thermal insulation materials." (Harris R. 184). NARCO is an Ohio corporation in the "business of manufacturing, distributing and selling refractory products...." (Harris R. 47). Mallinckrodt is a Delaware corporation that has manufactured and shipped products "that may have contained asbestos...." (Mallinckrodt Supp. R. 73). Combustion is a Delaware corporation engaged in the business of manufacturing and shipping refractory products. Kaiser is a Delaware corporation also engaged in the refractory business. WTI is a Delaware corporation, and Rapid American and Weil–McLain are corporations do-

---

1. On April 2, 2001, W.R. Grace entered into Chapter 11 bankruptcy protection.

ing business in Indiana. W.R. Grace is a Connecticut corporation.

*Harris Facts:*

Harris worked as a laborer, oven patcher, and group leader at Inland Steel in East Chicago from 1960 until his retirement in 1993. His work involved maintaining coke ovens by sealing openings, repairing the ovens' brick lining, and spraying "the joints between the door jambs and oven brick work with [a] cement spray gun...." (Harris R. 104).

On June 15, 1996, Dr. Henry Anderson diagnosed Harris as having asbestosis.[2] On September 16, 1996, Harris filed his complaint in Lake County Superior Court against numerous defendants, including A.C. & S. and NARCO. Among his claims of conspiracy, strict liability, and negligence, Harris also alleged that his asbestosis was proximately caused by his exposure to harmful asbestos fibers and/or asbestosis-containing products knowingly designed, processed, manufactured, sold or distributed by A.C. & S. and NARCO.

On December 24, 1998, the trial court ordered the parties to file proposed deadlines and trial dates. On September 30, 1999, NARCO filed its motion for summary judgment based on the statute of repose. A.C. & S. did likewise on October 5, 1999. Both defendants argued that Harris' complaint is time barred because it was filed outside the ten (10) year statute of repose period. Further, they argued that because neither defendant both mined and sold commercial asbestos, Harris' complaint could not be brought under the two-year exception period for asbestos. Finally, A.C. & S. and NARCO asserted that Harris failed to present any evidence that

he was exposed to an asbestos-containing product specifically supplied by either defendant.

On November 4, 1999, Harris filed his designated evidence and responses to A.C. & S. and NARCO's motions for summary judgment. Harris argued that there was a genuine issue of material fact concerning whether he was exposed to asbestos-containing products supplied by the defendants. On November 19, 1999, A.C. & S. withdrew its motion for summary judgment based on product exposure.

On December 6, 1999, the trial court held a hearing and took the defendants' motions for summary judgment under advisement. On December 17, 1999, the trial court granted A.C. & S. and NARCO's motions for summary judgment because Harris' complaint was filed "more than ten years after the delivery of any product which could have contained asbestos," and because neither A.C. & S. nor NARCO mined and sold asbestos. (Harris R. 658).

*Serna Facts:*

Louis Serna worked as a laborer, mason, and custodian for Inland Steel from 1942 to 1985. "As a laborer, Mr. Serna shoveled and swept debris from the flues in the Open Hearth and passed bricks by hand and wheelbarrow to bricklayers who worked on the roof and other parts of the Open Hearth." (Serna R. 30). As a mason, he repaired and maintained furnaces and ovens used to make steel.

On March 18, 1998, Dr. Mark K. Ferguson diagnosed Mr. Serna as having malignant mesothelioma.[3] The Sernas were notified of the diagnosis in April 1998. On December 12, 1998, the Sernas filed their complaint in Lake County Superior Court

---

**2.** Asbestosis is defined as a "[d]iffuse interstitial pulmonary fibrosis due to the prolonged inhalation of asbestos dust." GOULD MEDICAL DICTIONARY 124 (4th ed.1979).

**3.** Mesothelioma is a "primary tumor, either benign or malignant," that lines various organs of the body. GOULD MEDICAL DICTIONARY 830 (4th ed.1979).

against numerous defendants, including Mallinckrodt, Combustion, Kaiser, NAR-CO, and WTI. Among their claims of conspiracy, strict liability, and negligence, the Sernas alleged that Mr. Serna's condition was proximately caused by unreasonably dangerous asbestos fibers manufactured, supplied or installed by the defendants.

On different dates throughout 1999, Combustion, Kaiser, Mallinckrodt, and WTI all filed motions for summary judgment based on product identification and the statute of repose. Mr. Serna subsequently died on November 21, 1999. On December 13, 1999, the Sernas filed their consolidated response to the defendants' motions for summary judgment, and the trial court held a hearing on January 18, 2000.

On March 10, 2000, the trial court denied the defendants' motions for summary judgment based on product identification. However, the trial court granted the defendants' motions for summary judgment because Serna's complaint was not filed within the ten-year repose period and there was no evidence that the defendants mined and sold asbestos. The Sernas appeal.

*Noppert Facts:*

From 1959 until 1980, Robert Noppert worked as a plumber and pipe-fitter for various employers and was exposed to asbestos during this period. During his work, Mr. Noppert recalled seeing asbestos in the air, knocking it off pipes, mixing asbestos mud, and being around insulators using asbestos.

In February 1991, Dr. Alvin J. Schonfield diagnosed Mr. Noppert as having asbestosis. On April 25, 1995, the Nopperts filed their complaint in the Vigo County Superior Court against numerous defendants, including Sears, A.C. & S., Rapid-American, and Weil–McLain. Among their claims of negligence, strict liability, and loss of consortium, the Nopperts argued that Mr. Noppert's asbestosis was proximately caused by his exposure to the asbestos-containing products sold by the defendants. Subsequently, on January 13, 1996, Dr. Michael G. Lykens diagnosed Mr. Noppert with malignant mesothelioma; Mr. Noppert died on May 12, 1997.

On May 29, 1997, A.C. & S. filed its motion for summary judgment and the trial court set the matter for hearing on July 31, 1997. The trial court heard arguments and took the matter under advisement.

On September 11, 1997, Sears filed its motion for summary judgment arguing that the statute of limitation then codified at Ind.Code § 33–1–1.5–5 barred the Nopperts' claim.[4] The trial court granted Sears' motion on October 3, 1997. The Nopperts filed a motion to correct errors on December 16, 1997, and, two days later, the trial court granted the Nopperts' motion to correct errors and vacated its order granting Sears' motion for summary judgment. Sears appealed to this court arguing that the Nopperts' "motion to correct errors was erroneously granted because the motion was untimely filed and because the Nopperts did not have a meritorious defense to the summary judgment motion." *Sears Roebuck and Co. v. Noppert,* 705 N.E.2d 1065, 1067 (Ind.Ct.App.1999), *trans. denied.*

On February 17, 1999, this court rendered an opinion reversing the trial court's order granting the Nopperts' motion to correct errors and remanded the case to

---

**4.** This provision is now known as the statute of repose and is codified at Ind.Code 34–20–3–1.

the trial court with instructions to reinstate summary judgment in favor of Sears. In that case, we held that the Nopperts' motion to correct errors was untimely filed. Further, we found that the Nopperts did not have a meritorious defense because Sears did not fall into the statutory exception of being both a miner and seller of commercial asbestos. The exception would have given the Nopperts two years from the date of diagnosis to file their complaint.[5]

On April 22, 1999, the trial court set a pre-trial hearing for June 25, 1999. During June 1999, Weil–McLain and Rapid–American filed motions for summary judgment based upon the statute of repose. On June 23, 1999, the trial court continued the pre-trial hearing indefinitely, and the Nopperts filed their response to the defendants' motions for summary judgment.

On September 27, 1999, the trial court lifted its stay of the proceedings after transfer was denied in the Sears case, supra, and scheduled a hearing on all the motions for summary judgment for December 2, 1999. The trial court found that the defendants were not both miners and sellers of commercial asbestos, and that the Nopperts "failed to show any exposure to any of the Defendant's products within the ten (10) year statute of repose." (Noppert R. 43). Summary judgment was granted in favor of A.C. & S., Weil–McLain, and Rapid–American, and the Nopperts have appealed.

*Gottschalk Facts:*

John Gottschalk was a construction worker from 1957 to 1996. He worked with asbestos, and also worked next to workers who mixed asbestos. "He de-

scribe[d] the air as being whited out with asbestos powder when he would work around the material." (Gottschalk R. 268).

On March 11, 1996, Dr. William Jacobson performed a biopsy and diagnosed Mr. Gottschalk as having malignant mesothelioma, and Mr. Gottschalk died on October 22, 1996. On January 2, 1997, the Gottschalks filed their complaint in the Vigo County Superior Court against numerous defendants, including Weil McLain and W.R. Grace. Among their claims of strict liability, conspiracy, and negligence, the Gottschalks alleged that Mr. Gottschalk's mesothelioma was proximately caused by his exposure to asbestos-containing products provided by the defendants.

In June 1999, the defendants filed motions for summary judgment based on the statute of repose. On November 22, 1999, the Gottschalks filed their response. The trial court set the matter for hearing on December 2, 1999.[6]

For the same aforementioned reasons in the *Noppert Facts*, the trial court granted Weil–McLain and W.R. Grace's motions for summary judgment against the Gottschalks based on the statute of repose. The trial court found that the defendants were not both miners and sellers of commercial asbestos, and that the Gottschalks had not filed their complaint within the ten (10) year statute of repose period. The Gottschalks appealed.

*Appellate Facts:*

The same law firm represents all the plaintiffs in these cases and has moved for consolidation under former Ind. Appellate Rule 5(B).[7] On September 29, 2000, we

---

5. Ind.Code § 34–20–3–2.

6. This was the same hearing at which the Noppert motions for summary judgment were heard.

7. Effective January 1, 2001, the Indiana Supreme Court recodified the Indiana Rules of Appellate Procedure. The rule governing consolidation of cases on appeal is now codified at Ind. Appellate Rule 38(B).

granted the motion and consolidated these cases under the instant cause number.

## DECISION

### 1. Collateral Estoppel

The Nopperts argue that the trial court erroneously granted A.C. & S., Rapid–American, and Weil–McLain's motions for summary judgment based on the statute of repose. In addition, Weil–McLain argues that our decision in *Sears*, 705 N.E.2d 1065, should collaterally estop the Nopperts from re-litigating the statute of repose issue in this appeal.

 "The doctrine of collateral estoppel bars the re-litigation in a *subsequent action* of a fact or issue adjudicated in a prior lawsuit." *City of Anderson v. Davis*, 743 N.E.2d 359, 366 (Ind.Ct.App.2001) (emphasis added). "The primary consideration in the use of [collateral estoppel] is whether the party against whom the former adjudication is asserted had 'a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances' to permit the use of [collateral estoppel] in the subsequent action." *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1225 (Ind.Ct.App. 1999) (quoting *Sullivan v. American Casualty Co. of Reading, Pa.*, 605 N.E.2d 134, 137 (Ind.1992)).

██ In *Sears*, supra, Sears had filed its motion for summary judgment on September 11, 1997, and, less than thirty (30) days later, the trial court granted Sears' motion. Arguing that they were not given thirty (30) days in which to respond pursuant to Ind. Trial Rule 56(C), the Nopperts filed a motion to vacate the trial court's order on November 4, 1997. The trial court denied the Nopperts' motion to vacate on November 13, 1997. The Nopperts then filed a motion to correct errors on December 16, 1997, which the trial court granted on December 19, 1997, vacating its grant of summary judgment on behalf of Sears. Sears appealed, and this court found that the trial court had erroneously granted the Nopperts' motion to correct errors because it was not timely filed; and that the Nopperts had not sought to appeal the granting of summary judgment by filing a timely notice of appeal.

However, applying collateral estoppel to the facts in the case at bar, we find that the Nopperts have not had a full and fair opportunity to litigate against the remaining defendants the issue of whether the statute of repose bars their product liability suit. The record reveals that summary judgment was granted to Sears primarily on the issues of timeliness of the Nopperts' pleadings and whether Sears both mined and sold asbestos products. We find that it would be unfair under the circumstances to collaterally estop the Nopperts from litigating the statute of repose issue against the other defendants when that issue was not addressed in *Sears*. Furthermore, our decision in *Sears* included a finding that the statutory exception to the statute of repose applies only to those entities who both mined and sold commercial asbestos. I.C. § 34–20–3–2. However, more recently, we have decided a line of cases that disagree with that finding. *See Black v. ACandS, Inc.*, 752 N.E.2d 148 (Ind.Ct.App.2001); *Parks v. A.P. Green Industries, Inc.*, 754 N.E.2d 1052 (Ind.Ct. App.2001); *Jurich ex rel. Estate Jurich v. Garlock, Inc.*, 759 N.E.2d 1066 (Ind.Ct. App.2001).[8] As a result thereof, and pur-

---

**8.** In *Black*, we noted that we had not been previously presented with "cogent argument and legal authority identifying the ambiguity of this section and directly addressing the question of its meaning," *Black*, 752 N.E.2d at 152, and we distinguished our opinions in *Holmes v. ACandS, Inc.*, 711 N.E.2d 1289 (Ind.Ct.App.1999), *Novicki v. Rapid–American*

suant to the ensuing analysis of the statute of repose, we find that the Nopperts are not collaterally estopped from raising the statute of repose issue against the remaining defendants.

### 2. *Statute of Repose*

The appellants argue that the trial court erroneously granted summary judgment in favor of the defendants. Specifically, they argue that the ten-year statute of repose does not apply to asbestos related actions because the injury may not manifest itself for many more years. Further, they argue that barring their cause of action prevents them from having access to the courts as guaranteed by Art. I, § 12 of the Indiana Constitution, and it creates a class of litigants that have additional privileges and immunities as prohibited by Art I, § 23 of the Indiana Constitution. The appellees counter that the trial court properly found that the statute of repose barred the appellants' claims because they were not brought within the ten-year statutory limit.

"The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law." *Kott-lowski v. Bridgestone/Firestone*, 670 N.E.2d 78, 82 (Ind.Ct.App.1996), *trans. denied.* We apply the same standard as the trial court when reviewing a motion for summary judgment, and we resolve any doubts as to facts or inferences in favor of the party opposing summary judgment. *Id.*

After designating its evidence, the moving party bears the burden "of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law." *Luider v. Skaggs*, 693 N.E.2d

*Corp.* 707 N.E.2d 322 (Ind.Ct.App.1999), and *Sears, Roebuck, and Co. v. Noppert*, 705

593, 595 (Ind.Ct.App.1998), *trans. denied.* If these two requirements are met, the burden then shifts to the non-moving party to designate facts showing that a genuine issue of material fact exists. *Id.* "When the defendant makes a motion for summary judgment supported by materials contemplated by T.R. 56, the plaintiff may not rest on [their] pleadings, but must set forth specific facts controverting the claim for summary judgment, using supporting materials contemplated by the rule." *Colen v. Pride Vending Service*, 654 N.E.2d 1159, 1162–1163 (Ind.Ct.App.1995), *trans. denied.*

In general, product liability actions must be brought within two years after the cause of action accrues or within ten years after the delivery of the product to the initial user or consumer. However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues. I.C. § 34–20–3–1.

■ An exception to the statute of repose exists for asbestos-related actions. Specifically, I.C. § 34–20–3–2(b) provides that a product liability action based on personal injury, disability, disease, or death resulting from exposure to asbestos must be commenced within two years after the injured person knows that he or she has an asbestos-related disease. *Black*, 752 N.E.2d at 151. Additionally, "[this exception] applies only to product liability actions against 'persons who *mined and sold commercial asbestos; . . . .*'" I.C. § 34–20–3–2(d) (emphasis added). It is the interpretation of this phrase upon which this controversy shall be decided.

N.E.2d 1065 (Ind.Ct.App.1999), in which we had only considered the exception in dicta.

In *Black,* we noted that our supreme court in *Covalt v. Carey Canada, Inc.,* 543 N.E.2d 382 (Ind.1989) answered a certified question regarding a plaintiff's ability to bring suit within two years after discovering a disease, notwithstanding that the discovery was made more than ten years after the last exposure to the product that caused the disease. The court answered in the affirmative noting that one can be injured from prolonged exposure to newly milled asbestos just as one can be injured from asbestos which has been on the market for ten years or more. Further, the court also noted its concern was not with the introduction of a product into the marketplace, but with exposure to a hazardous substance which causes disease.

This court's attention in *Black* then turned to determining the legislature's intent in enacting section 2(d). We found that reviewing courts have the authority to make minor substitutions of words in order to give effect to legislative intent. *See Dague v. Piper Aircraft Corp.,* 275 Ind. 520, 418 N.E.2d 207 (1981). Having noted that we had interpreted a products liability statute of repose in a manner that "in effect, changes the disjunctive term 'or,' which of course, appears in the statute, to the conjunctive 'and'" where giving the term "or" its ordinary meaning would "fl[y] in the face of a clearly contrary legislative intent." *Dague,* 275 Ind. at 526, 418 N.E.2d at 211. As a result, we found that the legislature's intent in enacting section 2(d) was, in part, to recognize the long latency period of asbestos related injuries. Without this exception, the majority of persons injured would have no remedy. As a result, "[w]e believe the legislature could not have intended to permit actions against an entity that both mined and sold asbestos but to preclude actions against entities that introduced asbestos into the marketplace as miners only or as seller only." *Black,* 752 N.E.2d at 154. This line of reasoning is followed in *Parks* and *Jurich.*

As the appellees need not have both mined *and* sold commercial asbestos, we find that the trial court herein has erroneously granted summary judgment based on the statute of repose. Willie Harris was diagnosed with asbestosis on June 15, 1996 and filed his complaint on June 16, 1996, within the two-year limitation. Louis Serna was diagnosed as having mesothelioma on March 18, 1998 and the Sernas filed their complaint on December 12, 1998, also within the time allowed. Robert Noppert was initially diagnosed with asbestosis in February 1991 and the Nopperts filed their complaint on April 25, 1995. Noppert was later diagnosed with mesothelioma on January 13, 1996 and subsequently amended his complaint. While more than two years had elapsed between the Nopperts' initial asbestosis diagnosis and the filing of his initial complaint, we find that his subsequent diagnosis of mesothelioma preserved his claim against the defendants. *See* I.C. § 34–20–3–2 ("The subsequent development of an additional asbestos related disease or injury is a new injury and is a separate cause of action."). Further, John Gottschalk was diagnosed as having mesothelioma on March 11, 1996 and the Gottschalks filed their complaint on January 2, 1997, also within the two-year exception period. Therefore, as the appellants' claims were brought within the two-year exception as provided by I.C. § 34–20–3–2, summary judgment was erroneously granted.

Because we find in favor of the appellants based on the statute of repose, we do not address the constitutional challenges raised in their brief. *See General Motors v. Indianapolis Power & Light,* 654 N.E.2d 752 (Ind.Ct.App.1995) (when statute challenged on constitutional grounds,

we first seek to dispose of case on nonconstitutional grounds).

Reversed and remanded.

NAJAM, J., concurs.

BARNES, J., concurs in result with separate opinion.

BARNES, Judge, concurring in result with separate opinion.

I concur in the result reached by the majority, namely, the reversal of summary judgment in favor of the defendants based upon the product liability act statute of repose. I do believe it is necessary to address the constitutionality of the statute of repose as applied in this case, as we recently did in *Jurich v. Anchor Packing Co. et al.*, 759 N.E.2d 1066 (Ind.Ct.App. 2001). There, we held the exception to the statute of repose for actions against "persons who mined and sold commercial asbestos" was not intended to apply to sellers of asbestos-containing products, but only sellers of "raw" or processed asbestos that is incorporated into other products. Op., p. 1070–71. Here, it appears as in *Jurich* that these particular defendants did not sell "commercial asbestos" but only asbestos-containing products; hence, the exception to the statute of repose was not intended to apply to them.

Nevertheless, we went on to hold in *Jurich* that application of the statute of repose would violate Article I, Section 12 of the Indiana Constitution in cases "where a plaintiff is injured by an asbestos-containing product either by exposure to asbestos fibers before the enactment of the [product liability act, or 1978], and/or where there is no evidence the product was more than ten years old at the time the plaintiff was exposed to asbestos fibers contained in the product." Op., p. 1077. That appears to be the case in this instance. The various plaintiffs allegedly inhaled asbestos from defendants' products beginning between 1942 and 1960, and alternatively there is no evidence the products were more than ten years old when the plaintiffs were allegedly exposed to asbestos contained in the products. Thus, I would hold that application of the statute of repose in this instance would violate Article I, Section 12 of the Indiana Constitution and reverse summary judgment in favor of the defendants on that basis.