**Willie L. HARRIS, Jr., Esther Serna, individually and as special administrator of the estate of Louis Serna, Freda Noppert, individually and as special administrator of the estate of Robert Noppert, and Caroline Gottschalk, individually and as special administrator of the estate of John Gottschalk, Appellants (Plaintiffs below),**

v.

**A.C. & S., INC., North American Refractories, Mallinckrodt Group, Inc., Combustion Engineering Co., Kaiser Aluminum & Chemical Corp., WTI Rust Holdings, Inc., Rapid–American Corp., Weil–Mclain Co., W.R. Grace & Co–Conn, Appellees (Defendants below).**

No. 45S03–0303–CV–125.

Supreme Court of Indiana.

March 25, 2003.

Donald J. Berger, South Bend, IN, Robert G. McCoy, Mark R. Penney, Chicago, IL, Attorneys for Appellants.

W. Russell Sipes, Indianapolis, IN, Attorney for the Indiana Trial Lawyers Association, Attorney for Amicus Curiae.

Thomas S. Ehrhardt, Garrett V. Conover, Crown Point, IN, Attorney for WTI Rust Holdings, Inc.

Christopher D. Lee, Todd C. Barsumian, Evansville, IN, Attorneys for Combustion Engineering, Inc. and Mallinckrodt Group, Inc.

Susan E. Mehringer, Lisa M. Dillman, Indianapolis, IN, Attorneys for A.C.&S., Inc.

David Pera, Merrillville, IN, James Boyers, Indianapolis, IN, Amber Achilles, Chicago, IL, Attorneys for North American Refractories.

Raymond Modesitt, Terre Haute, IN, Ryan Johanningsmeier, Indianapolis, IN, Attorneys for Prox Co., Inc.

Jason Kennedy, Chicago, IL, Attorney for Weil–McLain Co.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

On October 18, 2000, the Indiana Court of Appeals consolidated the appeals of four plaintiffs: Willie J. Harris Jr.; Esther Serna, individually and as Special Administrator of the Estate of Louis Serna; Freda Noppert, individually and as Special Administrator of the Estate of Robert Noppert; and Caroline Gottschalk, individually and as Special Administrator to the Estate of John Gottschalk. The facts of each case will be discussed separately.

Willie J. Harris, Jr., was employed at Inland Steel from 1960 until he retired in 1993. During his employment, Mr. Harris was exposed to asbestos. On June 15, 1996, Mr. Harris was diagnosed with asbestosis. On September 16, 1996, Mr. Harris filed a complaint alleging, among other things, that his asbestosis was proximately caused by his exposure to asbestos fibers and/or asbestos-containing products during his employment.

Louis Serna was employed at Inland Steel from 1942 to 1985. During the course of his employment, Mr. Serna was

exposed to asbestos. On March 18, 1998, Mr. Serna was diagnosed with malignant mesothelioma, and was notified of this diagnosis in April 1998. On December 12, 1998, Mr. Serna and his wife, Esther Serna, filed a complaint alleging, among other things, that Mr. Serna's condition was proximately caused by unreasonably dangerous asbestos fibers manufactured, supplied, or installed by the Defendants.

Robert Noppert was employed as a plumber and pipe-fitter for various employers from 1959 to 1980. During this period, Mr. Noppert was exposed to asbestos. In February 1991, Mr. Noppert was diagnosed with asbestosis. On April 25, 1995, Mr. Noppert and his wife, Freda Noppert, filed a complaint alleging, among other things, that Mr. Noppert's asbestosis was proximately caused by his exposure to the asbestos-containing products sold by the Defendants. Subsequently, in January 1996, Mr. Noppert was diagnosed with malignant mesothelioma. Mr. Noppert died on May 12, 1997.

John Gottschalk was a construction worker from 1957 to 1996. During the course of his employment, he both worked with asbestos personally and worked in close proximity to others who mixed asbestos. On March 11, 1996, Mr. Gottschalk was diagnosed with malignant mesothelioma. He died on October 22, 1996. On January 2, 1997, Caroline Gottschalk, John Gottschalk's wife, filed a complaint on behalf of herself and her husband alleging, among other things, that Mr. Gottschalk's mesothelioma, and ultimate death, was proximately caused by his exposure to asbestos-containing products provided by the Defendants.

The Indiana General Assembly has enacted two statutes that limit the period of time within which individuals can file product liability claims. One of these statutes, Ind.Code § 34–20–3–1, generally applies to product liability claims and establishes a ten-year period of repose; we will refer to this statute as "Section 1." The second statute, Ind.Code § 34–20–3–2, specifically applies to certain asbestos liability claims; we will refer to this section as "Section 2." (We note that prior to recodification in 1998, Sections 1 and 2 appeared at Ind. Code § 33–1–1.5–5 and § 33–1–1.5–5, respectively.)

In each of these cases, the Defendants argue that Section 2 only applies to a limited class of defendants and that they do not fall within that class. As such, Defendants contend that the Plaintiffs must proceed against them under the more time restrictive Section 1. The Plaintiffs respond that even if they are not permitted to proceed against the respective Defendants under Section 2, Section 1 is unconstitutional under both art. I, § 12, and art. I, § 23 of the Indiana Constitution.

The trial court, in each of the cases, agreed with the Defendants that Section 2 did not apply to them and that the Section 1 statute of repose had expired prior to the accrual of the Plaintiffs' claims.

In the consolidated appeal, the Court of Appeals found that under Section 2, the Defendants need not have both mined and sold commercial asbestos. *Harris v. A.C. & S., Inc.*, 766 N.E.2d 383 (Ind.Ct.App. 2002). It then reversed the summary judgment award and found that Section 2 applied to the Defendants in each of the cases.

We hold today in *AlliedSignal v. Ott*, 785 N.E.2d 1068 (Ind.2003), that the Legislature consciously intended to subject to Section 2 only those entities that produce raw asbestos, while leaving those who sell asbestos-containing products within the ambit of Section 1. We also hold that the statutory scheme does not violate either art. I, § 12 or art. I, § 23, except in the limited circumstance where a reasonably

experienced physician could have diagnosed the plaintiff with an asbestos-related illness or disease within the ten-year statute of repose, yet the potential plaintiff had no reason to know of the diagnosable condition until the ten-year period had expired.

Our reasoning in that case applies here, and we reach the same result: since the evidence did not demonstrate that any of the Defendants both mined and sold commercial asbestos, Section 2 did not apply. Since the Plaintiffs' claims do not fall under Section 2, the general ten-year statute of repose found in Section 1 applies. Given that the Plaintiffs' claims were filed after the expiration of the period of repose, summary judgment for the Defendants was proper unless a reasonably experienced physician could have diagnosed a given plaintiff with an asbestos-related illness or disease within the ten-year statute of repose, yet the potential plaintiff had no reason to know of the diagnosable condition until the ten-year period had expired. We direct the trial court to examine this possibility on remand.

### Conclusion

We grant transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals. We vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

SHEPARD, C.J., and BOEHM, J., concur.

DICKSON, J., dissents with separate opinion, in which, RUCKER, J., concurs.

DICKSON, Justice, dissenting.

Asbestos-related cancer does not manifest itself until ten to twenty-five years after exposure. I believe that the General Assembly, for reasons of compassion, fairness, and justice enacted Indiana Code § 34–20–3–2 to provide relief for all asbestos victims from the general ten-year statute of repose in the Indiana Product Liability Act. Consistent with this legislative intent, I believe that the phrase "persons who mined and sold" means "persons who mined and persons who sold" and that "commercial asbestos" includes not only raw asbestos but also asbestos in commercial products. I further believe that, under the majority's restrictive construction of this section, application of the product liability statute of repose to the plaintiffs' claims violates both Section 12 and Section 23 of Article 1 of the Indiana Constitution. My reasons are detailed in *AlliedSignal, Inc. v. Ott*, 785 N.E.2d 1068 (Ind.2003) (Dickson, J., dissenting).

RUCKER, J., concurs.