**J.M. FOSTER, INC.; Morrison Construction Company, Inc.; and Chicago Bridge & Iron Company, Appellants–Defendants,**

v.

**Carol Lou SPRIGGS, Administratrix of the Estate of Charles R. Spriggs, Deceased, and widow in her own right, Appellee–Plaintiff.**

No. 49A05–0111–CV–508.

Court of Appeals of Indiana.

June 5, 2003.

Douglas B. King, Robert J. Orelup, Wooden & McLaughlin, Indianapolis, IN, Attorneys for Appellants.

Robert E. Paul, Paul, Reich & Myers, P.C., Philadelphia, PA, Mark Dudley, Young, Riley, Dudley & DeBrota, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Carol Lou Spriggs ("Plaintiff"), as widow of Charles R. Spriggs ("Spriggs") and administratrix of his estate, brought a wrongful death lawsuit against sixty defendants including J.M. Foster, Inc. ("Foster"), Morrison Construction Company, Inc. ("Morrison"), and Chicago Bridge and Iron Company ("CBI") (collectively, "the Contractors"). Plaintiff alleges Spriggs died as a result of exposure to asbestos-containing products the Contractors installed or removed.

The Contractors moved for summary judgment on the grounds that 1) there was no factual issue that the Contractors did not proximately cause Spriggs' injuries; 2) Plaintiff's claims are barred by the construction statute of repose; and 3) the Indiana Product Liability Act and its statute of limitations for asbestos actions do not apply to the Contractors. The trial court denied the summary judgment motions and the Contractors appeal.[1] We reverse.[2]

## FACTS

Spriggs worked as a pipefitter at various sites in Northwest Indiana beginning in 1963. He was allegedly exposed to asbestos at a number of those jobsites. He contracted lung cancer, allegedly as a result of his inhalation of asbestos, and died of the disease on July 1, 1998.

Foster and Morrison are industrial mechanical contractors. CBI is an industrial engineering and construction company. None has ever manufactured or sold asbestos or any products that contain asbestos. However, Plaintiff contends Spriggs was exposed to asbestos-containing products the Contractors installed or removed.

---

1. We heard oral argument on April 9, 2003, at Saint Mary–of–the–Woods College in Saint Mary–of–the–Woods, Indiana. We thank the school for its hospitality and commend counsel on their capable advocacy.

2. Because we find Plaintiff's action against the Contractors is barred by the construction statute of repose, we need not address whether the Contractors proximately caused Spriggs' injuries. As explained below, we find this action is not governed by the statute of limitations for asbestos actions in the Indiana Product Liability Act.

At least ten years has passed since the Contractors completed their work at any of the sites where Spriggs might have been exposed to asbestos.

## STANDARD OF REVIEW

Our appellate standard of review for summary judgment rulings is well established. As a reviewing court, we are bound by the same standard as the trial court. *Horace Mann Ins. Co. v. Richards,* 696 N.E.2d 65, 67 (Ind.Ct.App.1998). Summary judgment is warranted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Ind. Trial Rule 56(C). Just as the trial court, we may consider only those parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters that have been designated by the parties to the trial court for consideration. *Id.* Any doubt about the existence of a fact or the inference to be drawn from it is to be resolved in favor of the non-moving party. *Id.*

## THE CONSTRUCTION STATUTE OF REPOSE

The Contractors argue the Indiana construction statute of repose bars Plaintiff's action, as any work the Contractors performed that might have exposed Spriggs to asbestos was completed at least ten years before Plaintiff brought her complaint.

We address initially Plaintiff's argument, relying on *Covalt v. Carey Canada, Inc.,* 543 N.E.2d 382 (Ind.1989), that "[a]ny statute of repose violates the constitutional

rights of asbestos victims and must be overturned." (Br. of Appellee, Carol Lou Spriggs at 20) (hereinafter "Spriggs Br.").

In *Covalt,* our supreme court addressed the following certified question concerning the predecessor statute to the current general products liability two year statute of limitations and ten year statute of repose: "Whether a plaintiff may bring suit within two years after discovering a disease and its cause, notwithstanding that the discovery was made more than ten years after the last exposure to the product that caused the disease." 543 N.E.2d at 384. The court answered the certified question in the affirmative, holding that the statute of repose was "inapplicable to cases involving protracted exposure to an inherently dangerous foreign substance which is visited into the body." *Id.* at 385.

The *Covalt* court noted that "one can be injured from prolonged exposure to newly milled and manufactured asbestos" (i.e., asbestos directly from the mine) "just as readily as asbestos which has been on the market for ten (10) years or more" (i.e., asbestos provided by a seller). For that reason, no purpose is served in legally distinguishing the two. *Id.* The court went on to note that in addressing the statute of repose, "we are not concerned here with the introduction of a product into the marketplace. Here we are concerned with exposure to a hazardous foreign substance which causes disease." *Id.* at 386.

Plaintiff characterizes *Covalt* as holding "statutes of repose or limitations do not apply in asbestos cases." (Spriggs Br. at 19.)[3] The page of *Covalt* to which Plain-

---

3. *Covalt* is an asbestos exposure case in which the plaintiff sued the company that supplied his employer with the raw asbestos with which he worked. *Covalt* discussed the "discovery rule," holding that the ten-year statute of repose of the Indiana Product Liability Act

did not apply. A plaintiff could therefore bring a cause of action within two years of discovery of a disease, where the case involves disease caused by long-term exposure to a foreign substance, regardless of whether it had been over ten years since the last expo-

tiff directs us contains no such broad statement, although the *Covalt* court did state:

> We cannot say that the Legislature intended the ten year statute of repose to bar claims such as this one, where the injury is the result of protracted exposure to a hazardous foreign substance ... the primary purpose of statutes of repose, that of recognizing the improvements of product design and safety that come with time, is not served in cases involving asbestos and its related diseases.

543 N.E.2d at 386. However, the court noted its holding was "limited to the precise factual pattern presented and does *not* apply to worker's occupational disease compensation actions. This opinion is accordingly limited to product liability actions in which the theory of liability is negligence or strict liability in tort." *Id.* at 387 (emphasis in original).

*Covalt* appears to have been further limited, and has in fact been overruled to an extent,[4] by *AlliedSignal, Inc. v. Ott,* 785

N.E.2d 1068 (Ind.2003). The *Ott* decision does not address the construction statute of repose, but does strictly limit the class of defendants subject to that section of the *products liability* statute of repose for asbestos-related actions.[5]

We must accordingly decline Plaintiff's invitation to hold that "any statute of repose violates the constitutional rights of asbestos victims," and we find the construction statute of repose bars the Plaintiff's action.

The construction statute of repose, Ind. Code § 32–15–1–2[6] states in pertinent part:

> No action to recover damages whether based upon contract, tort, nuisance, or otherwise, for:
>
> (1) any deficiency, or alleged deficiency, in the design, planning, supervision, construction, or observation of construction of an improvement to real property;

---

sure to the substance. We noted in *Sears Roebuck and Co. v. Noppert,* 705 N.E.2d 1065, 1068 (Ind.Ct.App.1999), that the holding in *Covalt* was superseded by the enactment of Ind.Code § 33–1–1.5–5.5, which applies the discovery rule only in actions against "persons who mined and sold commercial asbestos."

4. The *Ott* court noted that "injury" for purposes of the asbestos product liability statute of repose "does not occur upon mere exposure to (or inhalation of) asbestos fibers," *Ott,* 785 N.E.2d at 1075, and indicated *Covalt* was overruled to the extent it holds to the contrary. *Id.* n. 8.

5. Our prior decisions, *e.g., Harris v. A.C. & S., Inc.,* 766 N.E.2d 383 (Ind.Ct.App.2002); *Jurich v. Garlock, Inc.,* 759 N.E.2d 1066 (Ind.Ct. App.2001); and *Black v. ACandS, Inc.,* 752 N.E.2d 148 (Ind.Ct.App.2001), had interpreted that statute of repose as applicable to actions against entities that mined *or* entities that sold asbestos. The *Ott* court held that the statute was applicable only to entities that

both mined and sold asbestos. The *Ott* decision thus reversed those decisions.

Even if the Contractors sold asbestos, it does not appear from the record that any of them mined it. "Defendants who do not fall within this classification are entitled to the protection offered by the ten-year statute of repose in [Ind.Code § 34–20–3–1]." *Ott,* 785 N.E.2d at 1071. That section provides in pertinent part:

> Except as provided in [Ind.Code § 34–20–3–2], a product liability action must be commenced:
> (1) within two (2) years after the cause of action accrues; or
> (2) within ten (10) years after the delivery of the product to the initial user or consumer.

We must therefore decline to adopt the Plaintiff's position that this case is governed by the products liability statute of repose.

6. This section was replaced in 2002 by Ind. Code § 32–30–2–5. The new statute contains no substantive changes.

(2) an injury to property, either real or personal, arising out of any deficiency; or

(3) injury to the person, or for wrongful death, arising out of any such deficiency;

shall be brought against any person who designs, plans, supervises, or observes the construction of, or constructs an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for deficiency in design.

■ There appears to be no dispute that the Contractors' work was substantially completed more than ten years before Plaintiff filed her complaint. The complaint includes allegations that Foster and Morrison "installed and removed asbestos near the injured person. The activities of said defendant's employees caused the injured person to inhale asbestos and to suffer the injuries complained of herein." (App. at 160, 163.) It alleges CBI "sold asbestos pipecovering and/or insulation to which [Spriggs] was exposed," (*id.* at 156), but Plaintiff indicated in answering an interrogatory that CBI "installed asbestos." (*Id.* at 377.)

Our courts have not yet addressed whether this statute may be applied to bar an action for an asbestos-related injury. However, there are a number of decisions from other jurisdictions where similar statutes have been applied to claims brought against installers whose activities exposed workers to asbestos. These decisions uniformly hold the statute protects such installers.

Typical of these decisions is *Abbott v. John Green Co.,* 233 Mich.App. 194, 592 N.W.2d 96 (1998), where the court re-

versed the denial of the contractor-defendants' motions for summary judgment. The defendants were contractors who had installed asbestos-containing materials in a foundry some 18 years before the lawsuit was brought. The plaintiffs alleged they were injured by exposure to asbestos when the contractors' activity associated with the installation of the improvements resulted in the release of asbestos fibers. They argued the construction statute of repose did not apply to construction activities such as sawing and cutting asbestos pipe and mixing powdered asbestos cement.

The Michigan statute provided in pertinent part:

No person may maintain any action to recover damages ... for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property ... against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered ... no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

Mich. Comp. Laws § 600.5839(1). The court determined contractors would not "enjoy the repose that the statute intends to guarantee if plaintiffs, barred from any claims arising out of the finished result of an improvement, could nonetheless bring claims arising out of the construction practices employed in making the improvement." 592 N.W.2d at 101.

Plaintiff does not respond directly to the out-of-state authorities the Contractors rely on, except to assert that those deci-

sions are irrelevant in light of *Covalt*[7] and "misleading in that the installers ignore the fact that other states have adopted views contrary to those espoused by [the Contractors].... These cases all stand for the proposition that the installers of products cannot hide behind a statute of repose." (Spriggs Br. at 21.)

Plaintiff characterizes those decisions too broadly. Those decisions all indicate installers cannot "hide behind" the construction statute of repose *when the installers also sold or manufactured the products they had installed.* For example, in *Blikre v. ACandS*, 593 N.W.2d 775 (N.D. 1999), the only one of Plaintiff's decisions that involved asbestos installation, the court noted:

> By the clear language of the statute, its protection does not apply to a manufacturer of building materials used in an improvement to real property. The statute was intended to protect architects, contractors, and engineers, but not materialmen, manufacturers, or suppliers of products used in an improvement to real property.

*Id.* at 778 (citation omitted).

The statute does not apply to protect materialmen because, while owners and occupiers of improved property have continuing control of the premises and are responsible for repairs and replacements of damaged or dangerous conditions, contractors usually do not have continuing control over or involvement with the maintenance of the improvement after its initial construction. *Id.* In addition, materialmen are in a position distinct from that of the

contractor in that the materialman provides manufactured goods and should be held accountable under the general tort rules governing liability for defects in those products. *Id.* The court noted that North Dakota (like Indiana) has a separate statute that governs products liability actions against manufacturers. *Id.*

In the *Blikre* case, ACandS claimed it was protected by the construction statute of repose because it installed its asbestos insulation products and was therefore a contractor or person performing construction to an improvement on real property. The court noted that the construction statute of repose limits the time for bringing actions to recover damages only for a deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property for injury to the person or for wrongful death *arising out of any such deficiency.*

The *Blikre* plaintiffs did not claim injury caused by any negligence or deficiency in construction or installation activities. Rather, they contended their injuries were caused by exposure, during construction, to the dangerous defective products manufactured, sold, or distributed by ACandS. Consequently, the court determined the actions did not "arise out of" any activity by ACandS that was protected under the statute:

> The fact that defendants may *also* have acted as the installers of some of the products that they made or sold does not make [the statute] applicable to plaintiff's claims against them, because

---

7. At least one court was presented with and addressed a *Covalt*-like argument. In *McIntosh v. A & M Insulation Co.*, 244 Ill.App.3d 247, 185 Ill.Dec. 69, 614 N.E.2d 203 (1993), the court noted the plaintiff's assertion that applying the language of the construction statute of repose as written would lead to an absurd result. McIntosh argued "because as-

bestosis is a disease of long latency, it will almost always be barred by the statute of repose and that this is an unfair result." *Id.* at 206. The court explicitly declined to carve out an exception to the applicability of the statute despite the legitimate concern that the impact of the statute burdened some classes of plaintiffs more harshly than others. *Id.*

the claims are based on their manufacturing, distribution and sales of the products.

*Id.*

The Plaintiff in the case before us advanced at oral argument a number of additional reasons the construction statute of repose does not govern this action. Specifically, Plaintiff asserted, 1) the process of removal or installation of asbestos is not a "deficiency" or "an injury ... arising out of a deficiency," Ind.Code § 32–30–1–5(1), (3), and the Contractors' actions were therefore outside the statutory protection; 2) the Contractors' provision of services does not amount to "improvement in real property" to which the statute applies, *id.* § (1); and 3) the statute applies to "real property," *id.*, and the airborne asbestos fibers that caused Spriggs' injury cannot be considered part of the "real property" because they were not affixed to it.

We note at the outset that the very activities engaged in by the Contractors in the case before us have been found to be covered by similar statutes of repose in other states. For example, in *Risch v. Paul Krez Co.*, 287 Ill.App.3d 194, 222 Ill.Dec. 637, 678 N.E.2d 44 (1997), *reh'g denied, appeal denied* 174 Ill.2d 594, 227 Ill.Dec. 17, 686 N.E.2d 1173 (1997), the Illinois Appellate Court upheld a summary judgment for Krez, whose employees installed asbestos-containing insulation at Risch's job site. Risch argued the statute did not apply because Krez was a seller of asbestos as well as an installer. The trial court found Krez's role as a seller merely incidental to its role as an installer. The appellate court determined there was no evidence Krez was a seller, and held that because Krez "was engaged only in the activity of installing insulation," *id.*, 222 Ill.Dec. 637, 678 N.E.2d at 47, it was protected by the construction statute of repose. *See also McIntosh*, 185 Ill.Dec. 69,

614 N.E.2d at 204 (upholding summary judgment for "insulation subcontractors whose employees installed asbestos-containing products in proximity to the plaintiff" at his jobsite).

We believe Plaintiff's narrow reading of the statute is inconsistent with the interpretations of similar statutes in other jurisdictions and would defeat the purpose of the statute. We first address Plaintiff's suggestion that the airborne asbestos fibers that caused Spriggs' injury cannot be considered "real property" or an "improvement" thereto. The statute is not, by its own terms, limited to injuries directly caused *by* the "real property." Rather, it encompasses any injury or wrongful death arising out of a "deficiency ... in the *design, planning, supervision, construction, or observation* of construction of an improvement to real property." Ind.Code § 32–15–1–2(1).

For the same reason, we must decline to adopt Plaintiff's suggestion that the provision of services does not amount to "improvement in real property." In *Abbott*, the plaintiffs alleged personal injury from exposure to asbestos when the defendant contractors cut and sawed asbestos pipe covering and mixed asbestos cement in preparation for the incorporation of those materials into improvements to the foundry where the plaintiffs worked. The plaintiffs argued the construction statute of repose applied only to the resulting improvement and not to the construction activities. The Michigan Court of Appeals disagreed, holding the construction activities amounted to an "improvement to real property" for purposes of the statute because those activities were "integral to the usefulness" of the plants. 592 N.W.2d at 100.

■ The purpose of the construction statute of repose is to protect engineers, architects, and contractors from stale

claims and to eliminate open-ended liability for defects in workmanship. *Id.* The term "workmanship" encompasses not only the quality of the finished product, but the manner of construction as determined by the art, skill, or technique of the worker. In *Abbott*, the plaintiffs contended "the manner of construction was defective in that the components were cut and assembled on-site resulting in the release of asbestos." *Id.* The plaintiffs thus challenged the defendants' "workmanship." The *Abbott* court determined it would be contrary to the purpose of the statute to allow that stale claim to proceed: "Contractors would not enjoy the 'repose' that the statute intends to guarantee if plaintiffs, barred from bringing claims arising out of the finished result of an improvement, could nonetheless bring claims arising out of the construction practices employed in making the improvement." *Id.* at 101.

Finally, we address Plaintiff's assertion that the process of removal or installation of asbestos cannot be considered a "deficiency" to which the statute applies. We noted in *N. Ind. Pub. Serv. Co. v. Fattore Const. Co.*, 486 N.E.2d 633, 634 (Ind.Ct. App.1985), *overruled on other grounds, Berns Constr. Co., Inc. v. Miller*, 516 N.E.2d 1053 (Ind.1987), that the word "deficiency" normally means either inadequate or defective, and the legislature gave it no special meaning in the statute. Accordingly, we should employ its common meaning. We believe the installation of asbestos-containing materials in such a manner that asbestos fibers are released into the air in a workplace where employees are exposed to them is encompassed in the terms "inadequate" or "defective."

## CONCLUSION

Plaintiff's action is barred by the construction statute of repose, as the Contractors did not mine and sell asbestos and Spriggs' alleged injury arose out of a deficiency in the Contractors' workmanship that caused a release into the air of asbestos fibers. We reverse the trial court's entry of summary judgment for Spriggs and direct the entry of summary judgment for the Contractors.

NAJAM, J., and BARNES, J., concur.